Eugene Francis WOOD, Petitioner,

v.

J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 70–C–43–D.

United States District Court,
W. D. Virginia,
Danville Division.

Aug. 19, 1970.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis*. The petition was originally filed on June 23, 1970, in the United States District Court for the Eastern District of Virginia at Richmond, which ordered the case transferred to this court.

On September 23, 1965, petitioner was convicted in the Circuit Court of the City of Chesapeake of statutory burglary and received a sentence of four years. While serving this sentence, he escaped from a road camp. On recapture he was tried and convicted after a plea of guilty on two counts of grand larceny of two different automobiles. He was sentenced to a term of one year on each count, which sentences were to be served concurrently. Petitioner seeks to attack here the constitutionality of the two grand larceny convictions.

An initial question arises because petitioner has already served the sentences under attack here. Before beginning the service of such sentences, petitioner was also convicted of breaking and entering and two counts of escape in addition to receiving recidivist time for second felony conviction. He is currently serving time under one of the escape convictions. Since he received these other convictions before serving any time under the larceny sentences, he may receive credit for time served if he succeeds on the merits. Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966). Therefore, consideration of the grand larceny convictions is properly before the court.

Petitioner seeks to invalidate the grand larceny convictions on the grounds: (1) that the plea of guilty was not understandingly made because of petitioner's low "intelligent quotient (I.Q.)" and because he thought he was pleading guilty to unauthorized use of an automobile; and (2) the trial court erred in not making a determination of the voluntariness of the pleas entered.

These claims were presented to the Circuit Court of Pittsylvania County in a petition for a writ of habeas corpus. By written opinion dated December 30, 1968, that court denied the writ after examining the transcript of the trial but without granting a hearing. The Supreme Court of Appeals of Virginia denied a writ of error to the judgment denying the writ on June 17, 1969. Therefore it appears that the petitioner has exhausted his state remedies. 28 U.S.C. § 2254.

Although a hearing was not held on petitioner's claims in the state court, it is not believed that a hearing is required here. The court believes that the claims are of an essentially frivolous nature and even if proved in a hearing would not entitle petitioner to relief.

Petitioner was represented by a court-appointed attorney at trial who advised him before he entered the pleas of guilty. The petitioner testified in his own behalf and in a thoroughly satisfying and able manner. The fact that petitioner may have a low I.Q. does not mean that he was unable to understand the proceedings. It is perfectly clear from the trial transcript of petitioner's testimony that he understood what was going on and what the stakes were. For example, the following question and answer are contained in the petitioner's testimony:

Q. And are you pleading guilty to the two indictments of car theft in Pittsylvania County?

A. Yes, sir.

Even if the petitioner actually felt that he was pleading guilty to the crime of unauthorized use of an automobile,

the court is unable to find any prejudice which may have resulted. The minimum imprisonment which can be imposed is the same for both crimes, which are felonies under Virginia law. Va.Code Ann. §§ 18.1–100, 18.1–164 (Repl.Vol.1960). The trial court held a full trial after the guilty pleas which would have been entirely sufficient to convict the petitioner even if he had entered pleas of not guilty. All of the relevant facts were before the court which imposed a very lenient sentence—a year on each charge to be served concurrently.

The objection that the court failed to inquire into the voluntariness of the guilty pleas has no merit.

 It is clear from a reading of the transcript that the court did satisfy itself as to the voluntariness of the pleas. The following passage appears in the transcript:

THE DEFENDANT WAS ARRAIGNED AND ENTERS A PLEA OF GUILTY TO INDICTMENT NUMBER ONE

THE COURT: Let me ask him something here. You have entered your plea of guilty to this charge. Have you consulted with your attorney in regard to this?

MR. WOOD: Yes, sir.

THE COURT: You understand what you are doing?

MR. WOOD: Yes, sir.

THE COURT: Your attorney has consulted with you and you have explained the case to him?

MR. WOOD: Yes, sir.

THE COURT: You are fully conversant with what the law is and what your rights are?

MR. WOOD: Yes, sir.

Similar questions which received affirmative answers were asked concerning the second indictment. Even if the court had failed to inquire into the voluntariness of the pleas, this court has previously held that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which required such inquiry, is not to be applied retroactively. It seems beyond dispute that petitioner is not entitled to another day in court on the issues raised.

For the foregoing reasons the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.