20214

The STATE, Respondent, v. Billy Wayne LAMBERT, Appellant
(225 S. E. (2d) 340)

*Messrs. J. Reuben Long* and *Richard N. Booth,* of Conway, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* and *Perry M. Buckner, Staff Atty.,* of Columbia, and *J. M. Long, Jr., Sol.,* of Conway, *for Respondent,*

May 5, 1976.

NESS, Justice:

Billy Wayne Lambert, twenty-three years old with a seventh grade education, plead guilty to burglary and was sentenced to nine years imprisonment. He now appeals the acceptance of his plea on various grounds. We affirm.

First, he contends that the court erred in accepting his plea because he did not have counsel. The record reflects that the trial judge, after being advised by the solicitor that appellant had stated he did not desire counsel and wished to plead guilty, asked appellant:

"Q. You understand that the Court will appoint an attorney for you if you want me to?
"A. Yes, sir.
"Q. You don't want one.
"A. No, sir. (Tr. p. 5, f. 17.)
"Q. And you say you do not want an attorney?
"A. No, sir. (Tr. p. 5, f. 19.)"

The absence of counsel does not generally invalidate a plea so long as the defendant has been advised of his right to counsel and has voluntarily waived it. *Gideon v. Wainwright,* 372 U. S. 335, 340, 83 S. Ct. 792, 9 L. Ed. (2d) 799 (1963) ; *Argersinger v. Hamlin,* 407 U.

S. 25, 37, 92 S. Ct. 2006, 32 L. Ed. (2d) 530 (1972). Here the defendant was advised of his right to counsel and refused. There is no merit to this exception. Cf. *Faretta v. California,* 422 U. S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975).

Next, the appellant asserts the trial court erred in accepting his guilty plea with a recommendation to mercy without impaneling a jury as provided in Section 16-331 of the Code. This section requires a mandatory life sentence for burglary unless the jury recommends mercy. The trial judge should have impaneled a jury and explained that the State would consent to a verdict of guilty with a recommendation of mercy. Nevertheless, appellant's argument is foreclosed by our decision in *Childers v. State,* 261 S. C. 125, 198 S. E. (2d) 530 (1973) where we held, in a similar factual situation, that the failure of the trial court to comply with an analogous requirement of the Code resulted in no prejudice to the appellant and that he has no standing to complain.

The appellant further argues that his guilty plea was neither voluntarily or intelligently given. Of course, a guilty plea may not be accepted unless it is voluntarily entered with an understanding of the nature and consequences of the charge and the plea. *Kercheval v. U. S.,* 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009 (1927); *Brady v. U. S.,* 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. (2d) 747 (1970); *State v. Armstrong,* 263 S. C. 594, 211 S. E. (2d) 889 (1975).

The test established by *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969) is whether the record establishes that a guilty plea was voluntarily and understandingly made. If the record shows that the plea was so entered, then it is not silent as to the waiver of his constitutional rights. We do not read *Boykin,* as the appellant contends, to require that the trial judge direct the defendant's attention to each and every con-

stitutional right and obtain a separate waiver of each. *Wade v. Coiner,* 468 F. (2d) 1059, 1061 (4th Cir. 1972). We believe that an enumeration of specific rights waived is not required where the record otherwise reveals affirmative awareness of the consequences of a guilty plea. *Stinson v. Turner,* 473 F. (2d) 913 (10th Cir. 1973).

While low intelligence or limited education may cause an appellate court to review the defendant's plea carefully, it does not necessarily preclude a valid plea. *Wood v. Cox,* 316 F. Supp. 1336, 1337 (W. D. Va. 1970). The fact that appellant may have only a seventh grade education does not mean that he was unable to understand the proceedings. *People v. Mims,* 42 Ill. (2d) 441, 248 N. E. (2d) 92 (1969); *Edwards v. State,* 7 Md. App. 327, 254 A. (2d) 719 (1969); *State v. Place,* 25 Ohio App. (2d) 158, 267 N. E. (2d) 832 (1971). A test for competency to plead guilty is no more stringent than the test for competency to stand trial. *U. S. v. Valentino,* 283 F. (2d) 634 (2nd Cir. 1960); *White v. U. S.,* 470 F. (2d) 727 (5th Cir. 1972); *U. S. ex rel. McGough v. Hewitt,* 528 F. (2d) 339 (3rd Cir. 1975).

The admissions of the appellant were sufficient evidence of felonious intent. He stated to the court that he broke into the home in the nighttime, removing an item. Under these unexplained circumstances, the inference of intent to enter and steal was present as "[p]roof of intent necessarily rests on inference from conduct." *State v. Haney,* 257 S. C. 89, 91, 184 S. E. (2d) 344, 345 (1971); 13 Am. Jur. (2d), Burglary, Section 50. The trial judge was not required to seek out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt. *State v. Haney, supra; People v. Jackson,* 98 Ill. App. (2d) 296, 240 N. E. (2d) 482 (1968).

Appellant also asserts he was so intoxicated that ██ this negated the existence of the requisite element of intent. At the time of his plea, appellant did not contend that the condition of his intoxication was so extreme as to suspend all reason. The record amply supports the conclusion that he had the ability to form the specific intent to commit the crime. The trial judge did not abuse his discretion in refusing to believe the belated assertion, on a motion to vacate the plea, that appellant was so intoxicated that he could not have formed the requisite intent to commit the crime. Ordinarily voluntary intoxication is no defense. *Shelton v. State*, 239 S. C. 535, 538, 123 S. E. (2d) 867 (1962).

From our review and analysis of the record, we hold that there was a factual basis established for the acceptance of the appellant's plea and that the trial court properly determined from all the procedures, the statements and inquiries, that his plea was voluntarily and knowingly entered. If the record reflects, as it does here, that the trial court has assured itself that the plea was voluntary and intelligently entered with full knowledge of the nature of the offense, then lack of precise language in the record expressing these considerations is not of itself a valid reason for reversal. *State v. Ferrell*, 108 Ariz. 394, 499 P. (2d) 109 (1972).

The last issue before us is whether the trial court ██ erred in denying defendant's motion to withdraw his guilty plea. The motion was made after sentencing and refusal thereof was within the discretion of the trial judge. We find no abuse of discretion. *State v. Cantrell*, 250 S. C. 376, 158 S. E. (2d) 189 (1967); *State v. Neal,* . . . . S. C. . . . . (Memo Opinion # 75-22, filed December 8, 1975).

We again point out, at this time, that the failure of the trial judge to make certain that the record expressly reflects

full compliance with the *Boykin* rule before he accepts a guilty plea frequently generates a challenge, as in this case. Trial courts are again strenuously advised to make certain the record sets forth a showing of compliance with *Boykin v. Alabama, supra.* Copious compliance would certainly reduce challenges and appeals on this issue and insure that no defendant pleads guilty without an understanding of his plea and awareness of his constitutional rights.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.