## 21318

The STATE, Respondent, v. Wanda Jean HAZEL, Appellant.

(271 S. E. (2d) 602)

*Chief Atty. John L. Sweeny* and *Staff Atty. Tara D. Shurling, S. C. Appellate Defense Commission,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

October 27, 1980.

*Per Curiam:*

Appellant Wanda Jean Hazel challenges the denial of a request to withdraw her plea of guilty to kidnapping, for which she was sentenced to life imprisonment. Appellant claims that her plea was the result of improper advice from her attorney and misleading statements by the trial judge regarding the sentence for kidnapping. We agree.

Section 16-3-910 of the S. C. Code of Laws (Cum. Supp. 1979) provides that a person convicted of kidnapping *"shall* suffer the punishment of life imprisonment unless sentenced for murder as provided in § 16-3-20." (Emphasis supplied.) This provision is mandatory. Upon acceptance of a plea of guilty to kidnapping a trial judge has no discretion to impose a lesser sentence or suspend a portion of the life sentence and impose probation. *See* S. C. Code of Laws, § 24-21-410 (1976).

Here, the record indicates that while consulting with appellant regarding a possible plea of guilty to kidnapping, trial counsel advised her that the presiding judge might exercise discretion in passing sentence. Indeed, during the

plea examination itself, the judge informed appellant merely that he "could" impose a "maximum" sentence of life imprisonment. Only following acceptance of the plea, and just prior to sentencing, did the judge state that kidnapping carried a mandatory life term. At this point, counsel moved unsuccessfully to withdraw the plea on the basis that she had improperly advised appellant regarding sentencing.

It is elementary that in order for a defendant to knowingly and voluntarily plead guilty, he must have a full understanding of the consequences of his plea. *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L. L. Ed. (2d) 274 (1969). Upon the facts in this case, appellant's plea was not knowing because it was entered without an understanding of the mandatory punishment for the offense to which she was pleading.[1] It was thus a plea entered in ignorance of its direct consequence, and was therefore invalid.

Accordingly, the judgment of conviction is reversed; the matter is remanded to the trial court with directions to allow appellant to withdraw her plea.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting) :

Whether an accused person may withdraw a guilty plea after the same has been entered is a matter for the discretion of the trial judge before whom the plea of guilty was made. I do not think as a matter of law that the accused person here was entitled to withdraw the plea and would not hold that the judge abused his discretion. Accordingly, I dissent.

---

[1] Our decision here should not be interpreted as establishing a *per se* rule that every error in sentencng advice will permit the accused later to upset his guilty plea. For instances where improper advice might not be considered irremediable error, *see Manley v. U. S.*, 588 F. (2d) 79, 81-82 (4th Cir. 1978).