21565

Sheldon PEELER, Appellant, v. STATE of South Carolina, Respondent.
(283 S. E. (2d) 826)

*Deputy Appellate Defender Vance J. Bettis,* of S. C. Commission of Appellate Defense, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. William K. Moore* and *Larry L. Vanderbilt,* Columbia, *for respondent.*

September 15, 1981.

*Per Curiam:*

The appellant, Sheldon Peeler, brought a post-conviction proceeding challenging the validity of his guilty plea and life sentence on a kidnapping charge. He appeals from the denial, after a hearing, of his application for Post-Conviction Relief.

Peeler relies heavily on *State v. Hazel,* S. C. 271 S. E. (2d) 602 (1980). In that case, this Court reversed the guilty plea of Peeler's codefendant because the judge and Hazel's attor-

ney had incorrectly indicated to Hazel that a life sentence for kidnapping was discretionary, not mandatory. *Id.*, 271 S. E. (2d) at 603. Peeler argues he is in the same position as his codefendant and his conviction should be reversed.

We disagree. Hazel moved to withdraw her plea when she learned the life sentence was mandatory. Furthermore, she appealed directly to this Court from the plea and sentence. Peeler took neither of these steps.

An application for post-conviction relief is not a substitute for an appeal. Errors which could have been reviewed on direct appeal may not be asserted for the first time, or re-asserted, in post-conviction proceedings. *Miller v. State*, 269 S. C. 113, 236 S. E. (2d) 422 (1977); *Simmons v. State*, 264 S. C. 417, 215 S. E. (2d) 883 (1975).

Peeler is therefore barred from raising this issue in a post-conviction proceeding.

The judgment is affirmed.