22650

In re COREY B., a minor under the age of seventeen years, Appellant.

(352 S. E. (2d) 470)

Supreme Court

*Chief Atty. William Isaac Diggs* and *Deputy Chief Atty. Elizabeth C. Fullwood* of *S. C. Office of Appellant Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard Dec. 8, 1986.

Decided Jan. 12, 1987.

GREGORY, Justice:

Appellant was charged in two juvenile petitions with committing attempted first degree criminal sexual conduct. He was adjudicated delinquent upon a finding by the family court that he had committed first degree criminal sexual conduct. We reverse.

Appellant contends he could not be found guilty of first degree criminal sexual conduct when the juvenile petitions that were filed against him alleged only the lesser included offense of attempted first degree criminal sexual conduct. We agree.

Fairness and due process require that a criminal defendant receive sufficient notice of the charges against him to enable him to prepare a defense. *Butler v. State,* 277 S. C. 452, 290 S. E. (2d) 1 (1982); S. C. Const. Art. I, § 14. This requirement applies in a juvenile matter as well. *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18

L. Ed. (2d) 527 (1967); *see also* S. C. Code Ann. § 20-7-740 (1985). Once convicted, a criminal defendant can be sentenced only upon the charges set forth or necessarily included in the terms of the indictment and not for a greater offense. *Fewell v. State*, 267 S. C. 17, 225 S. E. (2d) 853 (1976); *see also State v. Tabory*, 262 S. C. 136, 202 S. E. (2d) 852 (1974). Similarly, in a juvenile proceeding a minor cannot be found guilty of a greater offense than that alleged in the petition.

Accordingly, the judgment of the lower court is reversed and the case is remanded for a new proceeding.

Reversed and remanded.

NESS, C. J., and CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.