23208

Jimmy Lee DANDY, Appellant v. STATE of South Carolina, Respondent.

(391 S.E. (2d) 581)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Staff Atty. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted March 20, 1990.

Decided May 7, 1990.

FINNEY, Justice:

Appellant Jimmy Lee Dandy was convicted of murder and assault and battery of a high and aggravated nature (ABHAN) and received concurrent sentences of life for

murder and ten years for ABHAN. No direct appeal was taken. Appellant applied for and was denied post-conviction relief (PCR). This Court granted certiorari to review the findings of the PCR court. Upon review, we reverse and remand for a new trial.

Appellant contends his trial counsel was ineffective in failing to object to the trial judge's charge, which required the appellant to establish the defense of self-defense by a preponderance of the evidence, and that appellant was prejudiced thereby. We agree.

The appellant was tried on July 13, 1987, two years after *State v. Davis,* 282 S.C. 45, 317 S.E. (2d) 452 (1984), and more than a year after *State v. Glover,* 284 S.C. 152, 326 S.E. (2d) 150 (1985), *cert. denied,* 471 U.S. 1068, 105 S. Ct. 2147, 85 L. Ed. (2d) 503 (1985). This Court adopted a model self-defense charge in *State v. Davis, supra,* the salient feature of which is elimination of the requirement that a defendant establish, as an affirmative defense, self-defense by a preponderance of the evidence. Further, we held that the *Davis* charge was mandatory in all cases tried thereafter, so long as a contemporaneous objection was made at trial. *See State v Glover, supra.*

The pertinent part of appellant's trial judge's charge is as follows:

Self-defense, ladies and gentlemen, is an affirmative defense. Now, the defendant is not entitled to an acquittal on this ground unless it is established by the defendant, by the preponderance, or by the greater weight of the evidence.

This Court finds the charge to be in direct contravention of the *Davis* charge, and appellant's trial counsel should have interposed a contemporaneous objection. A jury charge which requires a defendant to establish self-defense by a preponderance of the evidence is error. A defendant must merely produce evidence which causes the jury to have a reasonable doubt regarding his guilt. *State v. Bellamy,* 293 S.C. 103, 359 S.E. (2d) 63 (1987).

The PCR judge concluded that "counsel did not object to the . . . judge's jury instruction because it was counsel's opinion that [it was not] objectionable." This

Court opined in *Webb v. State,* 281 S.C. 237, 314 S.E. (2d) 839 (1984), that a PCR judge's finding must be upheld if supported by any competent evidence in the record. This record evinces no competent evidence to support the PCR judge's finding, based on the opinion of trial counsel, which is contrary to the edict of this Court as enunciated in *Davis* and *Glover.*

The state argues that appellant was not prejudiced because his pre-trial statement, which was admitted at trial, did not show evidence supporting a self-defense charge. We note that the trial record reveals contradicting testimony that the victim was armed with a pistol which he pointed at the appellant before being shot.

Based upon the record before us, this Court concludes that appellant's trial counsel's failure to interpose a timely objection to the erroneous charge by the trial judge rises to the level of ineffective assistance; and further, that the appellant was prejudiced by the erroneous burden-shifting charge. *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984), *reh'g denied,* 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. (2d) 864 (1984). *See also High v. State,* ___ S.C. ___, 386 S.E. (2d) 463 (1989).

For the foregoing reasons, the PCR court's denial of post-conviction relief is reversed and the case is remanded for a new trial.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.