23392

Robert Christopher DOVER, Respondent v. STATE of South Carolina, Petitioner.

(405 S.E. (2d) 391)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty. W. Teresa Nesbitt,* Columbia, *for petitioner.*

*Asst. Appellate Defender Joseph L. Savitz, III,* Columbia, *for respondent.*

Submitted May 23, 1990.

Decided May 6, 1991.

TOAL, Justice:

In this post-conviction relief proceeding, the trial judge granted the defendant a new trial. Although we do not agree with the lower court's reasoning, we affirm the result on other grounds appearing in the record. We find that Dover's guilty plea was not voluntarily and knowingly made; and, therefore, Dover is entitled to a new trial.

Robert C. Dover pled guilty to 29 indictments involving various counts of grand larceny, burglary of a building, second degree burglary and petit larceny. The trial judge sentenced him as follows: 15 years for each count of second degree burglary; 10 years for each count of grand larceny; and 30 days for petit larceny. All of the sentences are to be served concurrently with the exception that the burglary and grand larceny are to be served consecutively. Therefore, his aggregate sentence is 25 years.

Although the PCR judge ruled to the contrary, we find that Dover's plea was not voluntarily and understandingly made. The test established by *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969) is whether the record establishes that a guilty plea was voluntarily and understandingly made. In order for a defendant to knowingly and voluntarily plead guilty, he must have a full understanding of the consequences of his plea. *State v. Hazel,* 275 S.C. 392, 271 S.E. (2d) 602 (1980). He must also have an understanding of the charges against him. *State v. Lambert,* 266 S.C. 574, 225 S.E. (2d) 340 (1976). To ensure that the defendant understands, the trial judge usually questions the de-

fendant about the facts surrounding the crime and the punishment which could be imposed. *See e.g., Lambert, supra.*

Here, the trial judge did not ask Dover any factual questions nor question him about the possibility of a severe sentence. It was never established that Dover understood the severity of the crimes or the sentences they carried.

Furthermore, the record reveals that Dover only spoke with his court appointed attorney three times for a total amount of less than 30 minutes. The initial interview lasted five to ten minutes. It was at this meeting that the decision to plead guilty was made. Dover testified that he was led to believe that this was not a "major" case and that his sentence would not exceed ten years. Dover stated that it was his understanding that he was agreeing to a plea bargain rather than a guilty plea. The second meeting consisted of a handshake and greeting that the third meeting was on the day of the guilty plea where Dover signed the indictments.

We find that the facts of this case are very similar to those presented in *Hazel.* In *Hazel,* the defendant was never made aware of the fact that the charges against her carried a mandatory life sentence. We reversed on the grounds that she did not understand the consequences of her guilty plea.

Here, Dover was never made aware that he could be sentenced to a prison term in excess of 200 years. Based upon the evidence presented in the record, we find that Dover's guilty plea was made in ignorance of its consequence and therefore was not voluntarily and understandingly made. Accordingly, Dover is entitled to a new trial.

Affirmed.

HARWELL, CHANDLER and FINNEY, JJ., concur.

GREGORY, C.J., dissenting in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent. While I agree with the majority's rejection of the PCR judge's reason for granting relief, I do not join in its affirmance on the ground discussed.

The record before us demonstrates Dover's guilty plea was valid under *Boykin.* The extent of inquiries made by the trial judge at the time of the plea is not conclusive. *Harres v.*

*Leeke,* 282 S.C. 131, 318 S.E. (2d) 360 (1984). To determine whether a guilty plea was taken in accordance with constitutional standards, this Court will consider the entire record including facts presented at the PCR hearing. *Id.; Vickery v. State,* 258 S.C. 33, 186 S.E. (2d) 827 (1972). It is well-settled that a PCR judge's findings must be upheld if supported by any competent evidence. *Dandy v. State,* — S.C. —, 391 S.E. (2d) 581 (1990); *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989).

At the PCR hearing, Dover's trial counsel testified he discussed each charge with Dover and told him the sentence for each charge. At the plea hearing, Dover answered the trial judge's questions affirmatively indicating he understood the nature of each charge and the possible punishment. This evidence supports the PCR judge's finding that Dover understood the charges against him. I would affirm this finding and deny Dover relief on this ground.

Further, the record indicates Dover pleaded guilty and was sentenced for twenty-four counts of second degree burglary. The twenty-four indictments for burglary, however, allege only *third* degree burglary since no circumstances of aggravation are stated. *Compare* S.C. Code Ann. § 16-11-312(B) (Supp. 1989) (second degree) *and* § 16-11-313 (Supp. 1989) (third degree). The trial court was therefore without subject matter jurisdiction to accept Dover's plea and sentence him for second degree burglary. *State v. Munn,* 292 S.C. 497, 357 S.E. (2d) 461 (1987); *In re: Corey B.,* 291 S.C. 108, 352 S.E. (2d) 470 (1987); *see also State v. Riddle,* — S.C. —, 391 S.E. (2d) 253 (1990). I would vacate Dover's concurrent fifteen-year sentences on the twenty-four counts of second degree burglary. Dover's remaining aggregate sentence would therefore be ten years.