**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KARIM ABDUL RAHIM AQUIL,
Petitioner-Appellant,

v.

STATE OF SOUTH CAROLINA;
ATTORNEY GENERAL OF SOUTH
CAROLINA,
Respondents-Appellees.

No. 95-7634

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(CA-93-1311-3-22BC)

Submitted: February 29, 1996

Decided: March 26, 1996

Before WILKINS and WILLIAMS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Karim Abdul Rahim Aquil, Appellant Pro Se. Donald John Zelenka,
Chief Deputy Attorney General, Columbia, South Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Karim Abdul Rahim Aquil appeals from the district court's order granting Respondents' motion for summary judgment on his 28 U.S.C. § 2254 (1988) petition. The exact claims raised in that petition are as follows:

> A. Ineffective assistance of counsel
>
> 1. Counsel failed to object to the insufficient notice of trial.
>
> 2. Counsel failed to object to the trial court's jury charge, failed to demand to see a yellow piece of paper given by the judge to the jury foreman and failed to request a correction of the jury charge or additional charge.
>
> 3. Counsel was ineffective because he was ill and unable to function properly and was under a doctor's care at the time of trial.
>
> 4. Counsel should have objected on the record to the trial judge stating, between the time of conviction and the time of sentencing, that if the Petitioner would plead guilty to the other outstanding charges, the trial judge would not sentence Petitioner to the maximum term of imprisonment.
>
> 5. Counsel knew that the charges against the Petitioner were malicious prosecution on the part of Deputy Sheriff O'Neal.

2

B. Denial of due process.

1. Insufficient notice of trial date.

a. The petitioner was given one day notice of trial.

2. Malicious prosecution on the part of the State.

3. The trial judge refused to allow the Petitioner to present the undercover participant in his defense.

4. The Petitioner was denied his right to a direct appeal, in that trial counsel failed to perfect the appeal.

C. Denial of a fair and impartial trial.

1. Perjury testimony by State's witness.

a. One State witness testified that she had not been wearing a listening device at the time of the drug buy, which conflicted with testimony of two other witnesses that she had been wearing such a device.

2. The trial judge made a highly prejudicial jury charge.

3. The trial judge was guilty of misconduct, prejudice, and bias.

D. Denial of Fifth and Fourteenth Amendment rights.

1. The trial court allowed the State to use its peremptory challenges in a racially discriminatory manner.

E. Denial of Sixth and Fourteenth Amendment rights.

1. Trial attorney failed to move for a continuance when he was not prepared to go to trial.

2. Trial counsel failed to subpoena witnesses necessary to the defense presented on Petitioner's behalf.

3. Trial counsel did not advise Petitioner that he should testify after establishing a defense strategy making Petitioner's testimony necessary.

4. Trial counsel admitted during evidentiary hearing on Post Conviction Relief that he rendered ineffective assistance to his client (Petitioner).

Claims A2, A3 A4, and A5 were never properly presented to the Supreme Court of South Carolina. If Aquil were to attempt to present them before that court now, however, he would be barred by South Carolina law. S.C. Code Ann. § 17-27-90 (Law. Co-op. 1985); Land v. State, 274 S.C. 243, 246, 262 S.E.2d 735, 737 (1980). Aquil has shown no cause for lifting this bar and accordingly they are dismissed as barred. See Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Feb. 27, 1996) (No. 94-4008). Claims B2 and C2 were never raised at trial and therefore are barred by South Carolina's contemporaneous objection rule and not subject to federal review. Peeler v. State, 277 S.C. 70, 283 S.E.2d 826 (1981).

Regarding Aquil's claims A1, B4, C1, D1, E1, and E2, we deny a certificate of probable cause to appeal and dismiss on the reasoning of the district court. Aquil v. South Carolina , No. CA-93-1311-3-22BC (D.S.C. Sept. 15, 1995). We also dismiss claims E3 and E4, finding that they were not preserved for appellate review. Aquil filed only general objections to the magistrate judge's denial of relief based on claims E3 and E4 and therefore waived de novo review by the dis-

4

trict court. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Aquil thereby also waived appellate review of claims E3 and E4. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91, 93 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1985). We address Aquil's remaining claims--B1, B3, and C3--on the merits.

Addressing claim B1 first, we initially note that a denial of a continuance may state a due process violation in relation to its effect on a petitioner's ability to secure witnesses. See Shirley v. North Carolina, 528 F.2d 819 (4th Cir. 1975) (holding that denial of continuance to secure the attendance of a defense witness was a denial of due process where the government had delayed the case sixteen months and where the witness was explained to be"indispensable" to the defense). However, to obtain a continuance to secure the attendance of a witness, the moving party must show:"`who [the witnesses] are, what their testimony will be, that it will be relevant under the issues in the case and competent, that the witnesses can probably be obtained if the continuance is granted, and that due diligence has been used to obtain their attendance for the trial as set.'" United States v. Clinger, 681 F.2d 221, 223 (4th Cir.) (quoting Neufield v. United States, 118 F.2d 375, 380 (D.C. Cir. 1941)), cert. denied, 459 U.S. 912 (1982). Our review reveals no sign that Aquil or his attorney ever met this burden. Accordingly, this claim has no merit.

Turning to claim B3, we are unable to discern any ruling from the trial judge which prevented Aquil from presenting witnesses who were present and ready to testify. To the extent that this claim attacks the judge's decision not to grant a continuance during which Aquil might secure the presence of his witnesses, we again find no constitutional violation.

Finally, addressing C3, we note that Aquil fails to explain the misconduct, prejudice, or bias of which he complains. Reference to his state post-conviction relief application, however, reveals complaints that the trial judge engaged in misconduct, prejudice, and bias by: (1) giving an improper jury instruction; (2) writing something on a yellow piece of paper and giving it to the jury without showing it to either counsel; and (3) interfering in plea negotiations occurring on other charges against Aquil.

5

Addressing the improper jury instruction first, we note that Aquil never objected to the instruction at trial is therefore barred under South Carolina's contemporaneous objection rule. Peeler, 277 S.C. at 70, 283 S.E.2d at 826. Turning to the next claim, a review of the jury instructions reveals that the yellow paper in question was the general verdict form. Since neither Aquil nor his attorney requested to see this paper he cannot now assert that the judge's failure to present it to counsel constituted error. Rowe Int'l, Inc. v. J-B Enter., Inc., 647 F.2d 830, 835 (8th Cir. 1981); Peeler, 277 S.C. at 70, 283 S.E.2d at 826.

Addressing Aquil's final claim of judicial misconduct--an allegation that the judge told Aquil that if he agreed to plead guilty to other charges he would not sentence him to the maximum term allowable-- we find that no such statement was made during Aquil's sentencing hearing. However, even taking the evidence in the light most favorable to Aquil and assuming that it was made, we note that Aquil has not demonstrated how this alleged statement prejudiced him in any way. To the extent that he claims it affected his rights in relation to the other charges, he has not revealed how he pled to those charges, and thus there is no way to assess the effect of the alleged statement. Further, an attack on the voluntariness of any guilty plea made to these separate charges must be pursued through a direct appeal or an application for post-conviction relief from those later convictions. To the extent that Aquil claims that the alleged statement affected his sentence in the present case, he has failed to demonstrate even a genuine issue of such effect since he was sentenced well below the maximum allowable sentence.

Given our disposition of these final claims, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED

6