524 S.E.2d 623

**Timothy James PITTMAN, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25025.

Supreme Court of South Carolina.

Submitted Oct. 20, 1999.
Decided Dec. 6, 1999.

598

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General J. Benjamin Aplin, all of Columbia, for petitioner.

Assistant Appellate Defender Melody J. Brown, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

TOAL, Justice:

The State appeals the post-conviction relief ("PCR") court's order granting Timothy Pittman ("Pittman") a new trial. We affirm.

Pittman was indicted for assault and battery with intent to kill ("ABIK"), possession of a gun during the commission of a violent crime, armed robbery, and criminal conspiracy. Pittman pled guilty as charged to all indicted offenses. The trial court sentenced Pittman to confinement for a cumulative period of twenty years. Pittman then filed a PCR application. He alleged that an involuntary guilty plea and ineffective assistance of counsel rendered his custody unlawful.

Entering a guilty plea results in a waiver of several constitutional rights, therefore the Due Process Clause requires that guilty pleas are entered into voluntarily, knowingly, and intelligently by defendants. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The United States Supreme Court has held that before a court can accept a guilty plea, a defendant must be advised of the constitutional rights he or she is waiving. *Id.* Specifically, a defendant must be aware of the privilege against self incrimination, the right to a jury trial, and the right to confront one's accusers. This Court considered the requirements of a voluntary and knowing guilty plea in *State v. Hazel,* 275 S.C. 392, 271 S.E.2d 602 (1980) and *Dover v. State,* 304 S.C. 433, 405 S.E.2d 391 (1991). In addition to the requirements of *Boykin,* a defendant entering a guilty plea must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived. *Id.*

When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing. *Harres v. Leeke,* 282 S.C. 131, 318 S.E.2d 360 (1984). However, in this case, the transcript of Pittman's guilty plea on its face provides enough evidence to hold Pittman's plea was not voluntary or knowing. A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea "may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both." *State v. Ray,* 310 S.C. 431, 437, 427 S.E.2d 171, 174 (1993).

Although the trial court is not required to direct defendants attention to each right and obtain a separate

waiver, the record should indicate the defendant was fully aware of the consequences of his guilty plea. *State v. Lambert*, 266 S.C. 574, 225 S.E.2d 340 (1976). In Pittman's case, the trial judge did not affirmatively ask him for an admission of guilt. The transcript also indicates the trial judge did not advise Pittman of the crucial elements of the charged offenses. Furthermore, the court's failure to inform Pittman that the armed robbery charge carried a mandatory minimum sentence of ten years, seven without the possibility of parole, renders the plea involuntary. *See* 22 C.J.S. *Criminal Law* § 404 (1989) ("prior to accepting a plea of guilty ... the court is required to advise accused of the range of punishment attached to the offense charged such as ... the minimum sentence."). This case is similar to *Hazel, supra*, where we found a defendant's plea involuntary since she was never informed of the mandatory minimum sentence required by her guilty plea. *See also Brown v. State*, 306 S.C. 381, 412 S.E.2d 399 (1991) (holding a judge's misinformation to defendant about required time in jail before parole eligibility invalidated voluntary nature of guilty plea). In the current case, the judge informed Pittman of the maximum sentences which could be imposed, but the mandatory minimum was only mentioned in passing by the prosecutor near the end of the hearing.[1]

In addition, Pittman did not fully understand the nature of the constitutional rights being waived. Pittman's testimony at the PCR hearing was uncontradicted in that he met with his attorney only twice for approximately twenty minutes each. *See Dover*, 304 S.C. at 435, 405 S.E.2d at 392 ("It was never established the [defendant] understood the severity of the crimes or the sentences they carried ... the record reveals that [defendant] only spoke with his court appointed attorney three times for a total amount of less than 30 minutes."). Pittman's attorney had little recollection of the exact nature of matters discussed during meetings with the Defendant. Although Pittman signed a "checklist for guilty plea," the date on this document is one month prior to the court appearance

---

1. The solicitor stated, during his statement to the judge concerning events surrounding the incident, "I would like to remind the court that as to the armed robbery, your honor, there is a minimum of ten years, seven of which must be served without parole."

and entrance of the guilty plea. The list does not include the crimes Pittman was charged, the elements of the charged crimes, or a statement about mandatory minimum penalties. Furthermore, these defects were not cured by information provided at the guilt plea proceeding. *See Moorehead v. State*, 329 S.C. 329, 496 S.E.2d 415 (1998); *Wolfe v. State*, 326 S.C. 158, 485 S.E.2d 367 (1997).

The transcript of the guilty plea in this case speaks for itself. The trial judge did not ask Pittman if he was guilty of the charged offenses. The court failed to inform Pittman of the mandatory minimum sentence carried by the armed robbery charge. In addition, the trial court's lack of questions to ensure Pittman's understanding of the consequences of his plea, coupled with the trial court and attorney's failure to explain the elements charged, further indicates Pittman's plea was not voluntary, intelligent, and knowing.

## Conclusion

The PCR court's order granting Pittman a new trial is **affirmed.**

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.