THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Myron Kelley, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge
James R. Barber, III, Post-Conviction Relief
 Judge
Memorandum Opinion No.  2008-MO-047
Submitted November 19, 2008  Filed
 November 24, 2008
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Brian Petrano, all
 of the Office of the Attorney General, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 In this post-conviction relief (PCR) matter, petitioner seeks a writ of
 certiorari to review the PCR judges order dismissing his PCR application and finding
 he is entitled to a belated review of his direct appeal issues.  The State has filed a motion to strike a
 portion of petitioners brief.  
The
 petition is denied as to petitioners Question II.  However, because there is
 sufficient evidence to support the PCR judges ruling that petitioner did not
 knowingly and intelligently waive his right to a direct appeal, we grant the
 petition for a writ of certiorari as to petitioners Question I and proceed
 with a review of the direct appeal issue pursuant to Davis v. State, 288
 S.C. 290, 342 S.E.2d 60 (1986).  
Petitioner
 contends his guilty plea was not
 knowingly and voluntarily entered because he was unaware that there was a negotiated thirty-year
 sentence.  The transcript
 from the plea hearing shows all parties present at the plea hearing 
 petitioner, the solicitor, plea counsel, and the plea judge  understood there
 was a thirty-year negotiated sentence.  Moreover, petitioner was fully informed
 of the consequences of his guilty plea, including the rights he waived by
 entering a guilty plea and the maximum penalty for his offenses.  Roddy v. State, 339 S.C. 29, 528 S.E.2d 418 (2000); Pittman
 v. State, 337 S.C. 597, 524 S.E.2d 623 (1999).  Accordingly, we affirm petitioners
 convictions and sentences.  In light of our disposition of this matter, we deny
 the States motion as moot.
AFFIRMED.
TOAL,
 C.J., WALLER, BEATTY and KITTREDGE, JJ., concur. PLEICONES, J., not
 participating