**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Benjamin L. Cooper, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2010-181646

———————————

Appeal From Georgetown County
Larry B. Hyman Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-286
Heard June 10, 2014 – Filed July 16, 2014

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Respondent.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia, for Petitioner.

———————————

**PER CURIAM:** Benjamin Cooper petitioned the post-conviction relief (PCR) court for a new trial, arguing, in relevant part, the plea court's colloquy did not conform to *Boykin v. Alabama*.[1] The PCR court agreed and granted Cooper a new trial. On appeal, the State argues the PCR court erred in granting a new trial because, based on the entirety of the record, it is evident Cooper's guilty plea was entered into voluntarily and intelligently. We disagree and affirm the PCR court pursuant to Rule 220(b), SCACR, and the following authorities: *Edwards v. State*, 392 S.C. 449, 455, 710 S.E.2d 60, 64 (2011) ("In reviewing a PCR court's decision, an appellate court is concerned only with whether there is any evidence of probative value that supports the decision."); *id.* ("The appellate court will reverse the PCR court only where there is either no probative evidence to support the decision or the decision was controlled by an error of law."); *Roddy v. State*, 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000) ("To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him." (citing *Boykin v. Alabama*, 395 U.S. 238 (1969))); *id.* at 33, 528 S.E.2d at 420 (2000) ("[T]he voluntariness of a guilty plea is not determined by an examination of a specific inquiry made by the sentencing [court] alone, but is determined from both the record made at the time of the entry of the guilty plea, and also from the record of the PCR hearing."); *Pittman v. State*, 337 S.C. 597, 600–01, 524 S.E.2d 623, 625 (1999) (finding the plea court's deficient plea colloquy and incomplete sentencing sheet indicated the petitioner's plea was not voluntary, intelligent, and knowing); *id.* (finding a deficient plea colloquy between the court and a defendant was not cured by other evidence in the record).

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] 395 U.S. 238, 242–43 (1969) (finding the trial court, in accepting a guilty plea, must make an affirmative showing on the record that the accused entered into the guilty plea intelligently and voluntarily).