**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alonzo Columbus Jeter, III, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-001777

———————

Appeal From Cherokee County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-058
Submitted September 1, 2022 – Filed February 15, 2023

———————

**AFFIRMED**

———————

Alonzo Jeter, pro se.

Attorney General Alan Wilson and Assistant Attorney General Chelsey Faith Marto, both of Columbia, for Respondent.

———————

**PER CURIAM:** Alonzo Jeter seeks post-conviction relief (PCR) from his guilty plea and sentence for two counts of distribution of methamphetamine within a one-half mile of a park or school. Jeter contends the PCR court erred in finding plea counsel was not ineffective in failing to provide adequate advice regarding the sale of a controlled substance within one-half mile of a playground. We affirm.

**FACTS/PROCEDURAL HISTORY**

During his guilty plea in 2015, Jeter waived presentment of his charges to the grand jury, affirmed that he understood he was waiving his right to have the grand jury act on those charges, and initialed the sentencing sheets indicating his waiver of their presentment to the grand jury. During the plea colloquy, Jeter affirmed he understood the charges against him and that by pleading guilty he was giving up his right to remain silent. He affirmed he understood he was giving up his right to a trial by jury and his right to assert any legal defenses in a trial. The plea court explained all of the attendant rights of a criminal defendant in a trial by jury and Jeter affirmed he understood them and was waiving them.

In a negotiated sentence, the plea court sentenced Jeter to concurrent terms of fifteen years' imprisonment for each count of distribution of methamphetamine and trafficking in methamphetamine. Further, the plea court sentenced him to concurrent terms of ten years' imprisonment for each count of distribution of methamphetamine within one-half mile of a park or school. Jeter did not appeal his guilty plea or sentence.

In 2016, Jeter filed a PCR application, asserting plea counsel was ineffective for failing to "challenge insufficient indictments." Jeter alleged the church playground did not constitute a park. At the PCR hearing, plea counsel stated he did not see any basis for challenging the indictments on the grounds that the facts did not support the charges. Plea counsel noted he was trying to get a "global resolution" and if Jeter had gone to trial on the charges, he would have been subject to a sentence of life imprisonment without parole (LWOP). Plea counsel stated he viewed videos of multiple drug buys in which Jeter's face was visible. Jeter neither denied that he was at the scene participating in the crime nor that there was methamphetamine in his sock when he was arrested.

In denying Jeter's PCR application, the PCR court found a "challenge to the classification of the park is a factual argument against the State's evidence and not a challenge to the sufficiency of the indictment. Any factual challenge to this offense . . . was waived by [Jeter] when he chose to plead guilty." The PCR court noted that because the argument about whether the church playground constitutes a park is not a defect in the indictment, plea counsel was not deficient for failing to challenge this as an attack on the sufficiency of the indictments. The PCR court further found Jeter did not suffer prejudice because he knowingly and intelligently pled guilty to the proximity charges and received a ten-year sentence for them,

concurrent to the fifteen-year sentence for the other offenses. The PCR court concluded Jeter "would still be serving a fifteen-year sentence, so there can be no prejudice."

Jeter filed a petition for a writ of certiorari, which this court granted on the following issue:

Did the PCR court err in finding that plea counsel was not ineffective for failing to provide adequate advice concerning proximity within one-half mile of a park/school?

**STANDARD OF REVIEW**

The applicant in a PCR hearing bears the burden of establishing he is entitled to relief. *Lomax v. State*, 379 S.C. 93, 100, 665 S.E.2d 164, 168 (2008). "[The appellate court] will uphold the findings of the PCR court when there is any evidence of probative value to support them, and will reverse the decision of the PCR court when it is controlled by an error of law." *Id.* at 101, 665 S.E.2d at 167–68. The PCR court's findings on matters of credibility are given great deference by the appellate court. *Simuel v. State*, 390 S.C. 267, 270, 701 S.E.2d 738, 739 (2010).

**LAW/ANALYSIS**

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must first demonstrate that counsel was deficient and then must also show this deficiency resulted in prejudice. *Id.* To satisfy the first prong, a defendant must show counsel's performance "fell below an objective standard of reasonableness." *Franklin v. Catoe*, 346 S.C. 563, 570–71, 552 S.E.2d 718, 722 (2001). "However, there is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) (internal quotation omitted).

To satisfy the second prong of the analysis of whether a guilty plea was improvidently accepted, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial." *Stalk v. State*, 383 S.C. 559, 562, 681 S.E.2d 592, 594 (2009) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

"[A] defendant has the right to effective assistance of counsel during the plea-bargaining process." *Davie v. State*, 381 S.C. 601, 607, 675 S.E.2d 416, 419 (2009), *abrogated on other grounds by Smalls v. State*, 422 S.C. 174, 810 S.E.2d 836 (2018). In a guilty plea context, the deficiency prong under *Strickland* "turns on whether the plea was voluntarily, knowingly, and intelligently entered." *Taylor v. State*, 404 S.C. 350, 360, 745 S.E.2d 97, 102 (2013). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). When alleging that his guilty plea was induced by ineffective assistance of counsel, an applicant must prove that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing." *Suber v. State*, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007).

Jeter has not met the burden of proving plea counsel's performance fell below an objective standard of reasonableness. The plea colloquy shows that Jeter waived his right to presentment of the indictment to the grand jury. The grand jury, as the plea court explained to Jeter, could have dismissed the charges if there was not sufficient evidence to support them. As the PCR court found, the question of whether the proximity charges conform to the applicable statute relates to the sufficiency of the evidence that the State would have presented at trial and does not relate to a defect in the indictment.[1]

---

[1] Our supreme court has stated: "[t]he indictment is a notice document. A challenge to the indictment on the ground of insufficiency must be made before the jury is sworn . . . . If the objection is timely made, the circuit court should judge the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged. In determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances. Further, whether the indictment could be more

"To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him." *Dalton v. State*, 376 S.C. 130, 138, 654 S.E.2d 870, 874 (Ct. App. 2007). "A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both." *Id.* (quoting *Pittman v. State*, 337 S.C. 597, 600, 524 S.E.2d 623, 625 (1999)). Here, the plea colloquy shows that Jeter's plea was freely and voluntarily made. The plea court thoroughly listed the applicable concerns and issues associated with a guilty plea, and Jeter acknowledged his waiver of those rights. Plea counsel testified he believed Jeter was properly indicted. He testified his strategy was "global resolution" because Jeter was facing LWOP if he proceeded to trial. Plea counsel employed a valid strategy of avoiding the possibility of an LWOP sentence by negotiating fifteen-and ten-year concurrent sentences.

Further, Jeter has not shown that but for counsel's errors, he would not have pled guilty and would have instead gone to trial. "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Even if Jeter succeeded in gaining an acquittal on the proximity charges, he still faced a mandatory minimum of twenty-five years and a possible LWOP sentence. Plea counsel testified that Jeter "was wanting to resolve the cases in full." The overriding concern was gaining a reduction of Jeter's charges to a second offense, from a third offense, thereby avoiding an LWOP sentence. *See Rollison v. State*, 346 S.C. 506, 511–12, 552 S.E.2d 290, 293 (2001) ("[Petitioner] received the benefit of the agreement for which he bargained and cannot now complain.").

Jeter argues that although the PCR court was correct that his sentence would not be reduced even if his PCR application is successful, he still suffers prejudice because the proximity convictions may be used to enhance subsequent future charges. We disagree with this speculative argument. The plea court ensured Jeter understood that because he was pleading guilty to serious offenses, he would be subject to LWOP upon the third serious offense. Therefore, Jeter was aware of the consequences of the plea at the time it was entered. Also, Jeter's other charges would still be used for the future enhancement, so the relief he seeks will serve him

definite or certain is irrelevant." *State v. Gentry*, 363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005).

no benefit.  All of Jeter's charges were adjudicated in the same plea, so they will only count for one total strike.  *See also Glover v. State*, 318 S.C. 496, 498–99, 458 S.E.2d 538, 540 (1995) (observing mere speculation and conjecture by the applicant is insufficient to establish the allegation that counsel's deficient performance resulted in prejudice).  Therefore, Jeter has not shown that he was prejudiced by plea counsel's performance.

**CONCLUSION**

Based on the foregoing, the PCR court's order is.

**AFFIRMED.**[2,3]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] After review, the following motions are denied: (1) "Judicial notice and leave to file Rule 60(b) motion and newly discovered evidence", and (2) "Judicial notice and for limited sentencing exposure."