**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnathan Daniels, Appellant,

v.

City of Cayce, Respondent.

Appellate Case No. 2022-001437

―――――――――――――

Appeal From Lexington County
Robert E. Hood, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2025-UP-330
Submitted September 1, 2025 – Filed October 1, 2025

―――――――――――――

**AFFIRMED**

―――――――――――――

Johnathan Daniels, of Columbia, pro se.

Danny Calvert Crowe, of Garfield Spreeuwers Law
Group, LLC, of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Johnathan Daniels appeals his guilty plea and fine of $155 for driving without a license and the dismissed charge of operating an unregistered vehicle. On appeal, Daniels argues the municipal court erred in accepting his guilty plea because: (1) the enforcement of the driver's license and vehicle

registration statutes[1] violated his free exercise of religion, (2) the municipal court lacked subject matter jurisdiction, (3) the guilty plea transcript was prejudicial, (4) his guilty plea was involuntary, (5) the municipal court abused its discretion by denying his motion to compel discovery, and (6) the prosecution was barred by collateral and judicial estoppel. We affirm pursuant to Rule 220(b), SCACR.

First, we hold the circuit court did not err in finding Daniels knowingly and voluntarily pled guilty. *See State v. Goodwin*, 351 S.C. 105, 110, 567 S.E.2d 912, 914 (Ct. App. 2002) ("In criminal cases, [the appellate] court sits to review errors of law only, and [is] bound by the trial judge's factual findings unless they are clearly erroneous."). The record before this court shows Daniels was aware of his constitutional rights, the municipal court advised him of the potential sentences for driving without a license and failing to register his vehicle, Daniels acknowledged he understood the terms of the plea negotiations, and he stated he was not threatened or coerced to plead guilty. Daniels also admitted committing the crimes but averred his religious beliefs prevented him from obtaining a driver's license and registering his vehicle. Accordingly, Daniels's guilty plea was voluntary because he acknowledged the penalties, admitted committing the crimes, and stated his plea was not induced by threat or coercion. *See Roddy v. State*, 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000) ("To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him."); *State v. Lambert*, 266 S.C. 574, 578, 225 S.E.2d 340, 342 (1976) ("If the record shows that the plea was so entered, then it is not silent as to the waiver of his constitutional rights."); *id.* at 579, 225 S.E.2d at 342 ("[A]n enumeration of specific rights waived is not required where the record otherwise reveals affirmative awareness of the consequences of a guilty plea."); *id.* at 580, 225 S.E.2d at 342 ("If the record reflects . . . that the trial court has assured itself that the plea was voluntary and intelligently entered with full knowledge of the nature of the offense, then lack of precise language in the record expressing these considerations is not of itself a valid reason for reversal."); *Rayford v. State*, 314 S.C. 46, 48, 443 S.E.2d 805, 806 (1994) (finding the petitioner's guilty plea was voluntarily made when he admitted committing the crimes, acknowledged the potential sentences, and stated his plea was not induced by promises).

Second, we hold the South Carolina Religious Freedom Act[2] (SCRFA) provides a defense related to religious freedom, not grounds for a jurisdictional challenge.

---

[1] S.C. Code Ann. § 56-1-20 (Supp. 2024) and S.C. Code Ann. § 56-3-110 (2018).
[2] S.C. Code Ann. § 1-32-10 to -60 (2005).

Therefore, Daniels could and did waive his SCRFA argument when he pled guilty. *See Goodwin*, 351 S.C. at 110, 567 S.E.2d at 914 ("In criminal cases, [the appellate] court sits to review errors of law only, and [is] bound by the trial judge's factual findings unless they are clearly erroneous."); *Whetsell v. State*, 276 S.C. 295, 297, 277 S.E.2d 891, 892 (1981) ("The general rule is that guilty pleas, freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses, including the claims of a violation of a constitutional right prior to the plea."); S.C. Code Ann. § 1-32-50 (2005) ("If a person's exercise of religion has been burdened in violation of this chapter, the person may assert the violation as a claim or defense in a judicial proceeding."); *cf. State v. Sims*, 423 S.C. 397, 402, 814 S.E.2d 632, 634 (Ct. App. 2018) (explaining a jurisdictional defect did not exist because the defendant did not establish his entitlement to immunity from prosecution under the Protection of Persons and Property Act and thus, his guilty plea waived his immunity claim).

Finally, we hold Daniels waived his remaining issues on appeal when he pled guilty. *See Whetsell*, 276 S.C. at 297, 277 S.E.2d at 892 ("The general rule is that guilty pleas, freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses, including the claims of a violation of a constitutional right prior to the plea.").

**AFFIRMED.**[3]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.