**STATE of Iowa, Appellee,**

v.

**Randy HIGGINBOTHAM, Appellant.**

**No. 83–1090.**

Supreme Court of Iowa.

July 18, 1984.

**514**

F.J. Kraschel of Kraschel & Comes, Council Bluffs, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., David Richter, County Atty., and E.A. Westfall, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and CARTER, JJ.

HARRIS, Justice.

This direct appeal from sentence following a guilty plea to second-degree murder challenges the adequacy of defendant's guilty plea proceeding. We affirm.

According to the minutes attached to the trial information, defendant killed his two-year old stepdaughter. At the guilty plea hearing defendant gave his version. He said he "was trying to keep her active because she was running a fever, for a couple of days so we were playing with her dolls and stuff and she had struck me with a toy and, out of reflex, I pushed her and she hit the closet door and that's when she resulted in death."

The minutes indicated there was a three and one-half inch round indentation in a closet door in the child's room. The surface of the door consisted of mahogany plywood that was one-eighth inch thick. The indentation was splintered and had several strands of blonde hair in it. The hair was similar to the child's.

The officer and physicians who later examined the child were expected to testify. They observed bruises of varying ages on the child's head, ear, face, cheeks, neck, and back. The State's pathologist, who conducted the autopsy, was expected to describe multiple contusions and petechiae involving the face, forehead, neck, and back, and of extensive hemorrhages in various parts of the child's brain. Other testimony would have established the existence of bruises on the child during the months preceding her death.

■ I. There is not a shadow of a doubt concerning the adequacy of a factual basis for the plea, under the foregoing. We give no further consideration to an assignment which challenges the factual basis. *See State v. Johnson,* 234 N.W.2d 878, 879 (Iowa 1979).

■ II. A plea must be voluntarily and intelligently made. In *State v. Boone,* 298 N.W.2d 335, 337 (Iowa 1980), we explained:

If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of constitutional guarantees of due process and it is therefore void. [Authority.] The defendant must have a full understanding of the consequences of a plea before constitutional rights can be waived knowingly and intelligently. [Authority.]

We have also stated as a separate requirement that there be compliance with Iowa rule of criminal procedure 8(2)(b) through (d). Compliance with the rule:

"is intended to produce a complete record at the time the plea is entered of the factors relevant to [the] voluntariness determination [and to] discourage, or at least to enable more expeditious disposition of . . . attacks on the constitutional validity of guilty pleas."

*See State v. Sisco,* 169 N.W.2d 542, 545–46 (Iowa 1969) (quoting *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418, 424–25 (1969)).

Defendant argues he did not sufficiently understand the plea he entered and that there was no *showing* of such understanding as required by the rule. He points especially to his lack of understanding of "malice aforethought." In the plea hearing the following occurred:

[The Court]: The elements of this charge are that you did strike, in this case a victim whose name is Leanna Roan. That the said Leanna Roan died 'as a result of being struck. That your acts, and that you did the striking with malice aforethought, and that your acts were not justified. Do you understand that?

[The Defendant]: What do you mean aforethought?

[The Court]: Let the county attorney explain it.

[Assistant County Attorney]: Malice aforethought would be ill will, spite, hatred, or it can be expressed or implied by the actions implied would be the actions that you took against Leanna.

[The Defendant]: I don't understand this.

[The Court]: Well, I'll give you an opportunity to talk to your attorney and consult if you wish.

[Defense Counsel]: We've talked about it before. Do you want to talk about it some more?

[The Defendant]: If you don't mind.

[The Court]: Okay. You can step over and discuss it.

(Whereupon defendant and his attorney have a discussion off the record.)

[Defense Counsel]: Do you think you now understand what the judge has told you?

[The Defendant]: Yes, and you want me to plead guilty to it?

[The Court]: I don't want you to plead guilty to it.

[The Defendant]: That's what you are asking me.

[The Court]: I'm telling you these elements that I just went over, like that you did strike the child, and all of these are the things that the State has to prove beyond a reasonable doubt, in order to convict you. In other words, these are the elements of the crime.

[The Defendant]: Yes, sir.

[The Court]: I'm telling you that this is what the State has to establish in order to convict you if you are tried, either to the court or to the jury. Now, do you understand what I mean?

[The Defendant]: Yes, sir.

[The Court]: Do you now understand the elements that I have just gone over?

[The Defendant]: Yes, sir.

[The Court]: Do you have any questions at all about any of these elements?

[The Defendant]: No, sir.

[The Court]: The State has to prove that you intended to do all these things. Do you understand that?

[The Defendant]: Yes, sir.

■■■ Contrary to defendant's contention, we think sufficient intelligence and understanding were demonstrated under the circumstances here. This is not to suggest that we are satisfied with the record explanation of malice aforethought. Certainly, the prosecutor's definition did not suffice. *See State v. McCollom,* 260 Iowa 977, 988, 151 N.W.2d 519, 525 (1967) ("malice does not mean mere spite, hatred, or ill will"). In *State v. Sharpe,* 304 N.W.2d 220, 226 (Iowa 1981), we defined malice aforethought as being:

[a] fixed purpose or design to do some physical harm to another which exists prior to the act committed. It need not exist for any particular length of time and requires only such deliberation as would make a person appreciate and understand the nature of the act and its consequences, as distinguished from an act done in the heat of passion.

Defendant thinks the absence of an accurate record definition of malice aforethought means he was not advised of the specific intent element of the crime. We, however, find that, under all the circumstances considered together, defendant's challenge fails.

In this proceeding the element of malice aforethought was explained to defendant in the presence of the court—though off the record. It is significant that the proceedings were stopped for the specific purpose of having defendant's counsel advise him on the meaning of this element.

This case therefore differs from *State v. Fluhr*, 287 N.W.2d 857, 867–68 (Iowa 1980), where a majority of this court rejected the contention that a trial court could rely on a defense attorney's general assertion that the accused had been advised on the nature of the charges. Here, the missing advice was given on assignment, in the courtroom. Defendant acknowledged this had been done. We have no reason to presume the explanation was wrong. It was defendant's burden in moving for arrest of judgment to show he was misinformed. He did not bear this burden.

We think an adequate record was made, in this plea proceeding, to establish that defendant was advised of and understood the nature of the offense.

III. We have not ignored defendant's other contentions. He claims to have been unaware of the lesser included offenses of which he may have been convicted at a trial. We have said we are satisfied that defendant knew the nature of the offense to which he pled. This finding, plus defendant's stated and valid fear that a jury might well convict him of first-degree murder, makes it unnecessary that he understand the details of lesser included offenses. *Compare Stovall v. State*, 340 N.W.2d 265, 267 (Iowa 1983) (to vitiate a guilty plea, a court's misstatement must be "material in the sense that it is part of the inducement for the defendant's decision to plead guilty.").

Defendant also seeks to urge a constitutional challenge against section 707.3 on the basis of vagueness. Contrary to his contention, he did not raise this challenge in district court. He can point only to the language in a memorandum brief filed in that court. A matter is not preserved for review on appeal if it is mentioned in district court only in the memorandum brief. Such a document is not a part of the record for purposes of error preservation. *See Powell v. Khodari-Intergreen Co.*, 303 N.W.2d 171, 175 (Iowa 1981); *Insurance Co. of North America v. Sperry & Hutchinson Co.*, 168 N.W.2d 753, 757 (Iowa 1969).

Other contentions are flatly contradicted by the record. We have carefully considered them and find them to be without merit.

AFFIRMED.