23928

Harry PLYLER, for and on behalf of the Plaintiff Class in Plyler, et al. v. Evatt, et al., United States District Court Number C/A 82-876-2, as their representative, Respondent v. Parker EVATT, Commissioner, South Carolina Department of Corrections, and Michael Cavanaugh, Commissioner, South Carolina Department of Probation, Parole and Pardon Services, Appellants.

(438 S.E. (2d) 244)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Kenneth P. Woodington, Legal Advisor Larry C. Batson* of *S.C. Dept. of Corrections, Chief Legal Counsel Carl N. Lundberg,* of *S.C. Dept. of Probation, Parole and Pardon Services,* Columbia, *for appellants.*

*W. Gaston Fairey,* Columbia, *for respondent.*

Heard June 8, 1993.

Refiled Nov. 8, 1993.

## ORDER
We grant appellants' petition for rehearing. The original opinion is withdrawn and the following substituted therefor.

FINNEY, Justice:

This is a declaratory judgment action construing S.C. Code Ann. § 24-13-720 (1989) prior to its 1993 amendment. The circuit court held the statute entitled all prisoners within six months expiration of their sentence, except those serving a life sentence or with recent disciplinary infractions, to participate in a Supervised Furlough Program (Program). The Commissioners of the Corrections Department and the Department of Probation, Parole and Pardon Services (the State) appeal. We affirm the circuit court's order and hold the 1993 amendment constituted a change in the law. All persons

meeting the statutory requirements prior to the 1993 amendment are entitled to participate in the Program.[1]

South Carolina Code Ann. § 24-13-710 (1989) mandates the creation of a Supervised Furlough Program for "carefully screened and selected inmates who have served the mandatory minimum sentence as required by law" and who have not committed certain enumerated offenses.[2] The statute places five additional explicit conditions on eligibility, and permits the responsible agencies to create additional criteria for participation. *Id.*

Before its amendment, § 24-13-720 read, in pertinent part:

> Unless sentenced to life imprisonment, an inmate . . . shall, within six months of the expiration of his sentence, be placed with the program provided for in § 24-13-710 and shall be subject to every rule, regulation, and condition of such program. No inmate otherwise eligible for . . . the program . . . may be so placed unless he has maintained a clear disciplinary record for at least six months prior to eligibility for [such] placement. . . .

The circuit court held that § 710 and § 720 referred to the separate classes of inmates with different criteria for participation in the Program.

The State argues that the circuit court erred in failing to hold that an inmate eligible under § 720 must also meet the eligibility criteria found in § 710, as well as the additional criteria created under that statute's authority before he can participate in the Program. This interpretation of § 720 has been consistently applied by the State since the statute's enactment in 1983.

---

[1] Thus individuals who were not eligible for release prior to June 14, 1993, may participate in the Program only if qualified under the amended statute. There is no *ex post facto* violation in applying the amended statute's criteria to individuals who committed offenses before its effective date because the Program is not part of the defendant's sentence. *See Gunter v. State*, 298 S.C. 113, 378 S.E. (2d) 443 (1989), *overruled in part, Griffin v. State,* —, 433 S.E. (2d) 862 (1993).

[2] Violent crimes as defined in S.C. Code Ann. § 16-1-60 (1985); third-degree criminal sexual conduct under S.C. Code Ann. § 16-3-654 (1985); and attempting or committing a lewd action on a child in violation of S.C. Code Ann. § 16-15-140 (1985).

While we give great weight to an agency's long-standing construction of a statute, such a construction is not dispositive. *Gilstrap v. South Carolina Budget and Control Bd.*, —S.C. —, 423 S.E. (2d) 101 (1992). We agree with the circuit court that the two statutes refer to two different classes of inmates and that the conditions for participation created by § 710 are not implied in § 720. Further, the primary rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *Gilstrap v. South Carolina Budget and Control Bd., supra.* We agree with the circuit court that the Legislature enacted § 720 to ensure a supervised transition period for inmates returning to society after an extended period of incarceration.

In 1993, § 24-13-720 was significantly amended. The changes are reflected below, with the added language underlined and the deleted language lined out:

> Unless sentenced to life imprisonment, an inmate ... <u>who has not been convicted of a violent crime under the provisions of Section 16-1-60</u> ~~shall~~ <u>may</u>, within six months of the expiration of his sentence, be placed with the program provided for in § 24-13-710 and ~~shall be~~ <u>is</u> subject to every rule, regulation, and condition of ~~such~~ the program. No inmate otherwise eligible under the provisions of this section for placement with the program ~~under Section 24-13-710~~ ... may be so placed unless he has <u>qualified under the selection criteria and process authorized by the provisions of Section 24-13-710. He must also have</u> maintained a clear disciplinary record for at least six months prior to eligibility for ~~such~~ the placement. ...

We are asked to decide whether this statutory amendment was a clarification of the original statute and thus indicative of the legislature's original intent, or whether it is a change in the law. We find the amendment made material changes from the original statute and thus is a departure from the original statute and not a clarification of it. *See North River Ins. Co. v. Gibson*, 244 S.C. 393, 137 S.E. (2d) 264 (1964). Therefore, the trial court's construction of the pre-amendment statutory language is

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.