2204

GRANITEVILLE COMPANY, INC., Respondent v.
IH SERVICES, INC., Appellant.
(447 S.E. (2d) 226)

Court of Appeals

*Daniel B. White* and *Ronald G. Tate, Jr.*, of *Gibbes & Clark-son*, Greenville, *for appellant*.

*T. David Higgins, Jr.*, of *Cozen & O'Connor*, Charlotte, NC;

and *Tracy L. Eggleston, Cozen O'Connor,* Columbia, *for respondent.*

Heard May 11, 1994.

Decided July 18, 1994; Reh. Den. Aug. 29, 1994.

HOWELL, Chief Judge:

This is an action for breach of contract brought by Graniteville Company, Inc. against IH Services, Inc. IH Services moved for summary judgment contending the statute of limitations had expired. The circuit court denied IH Services' motion. IH Services appeals. We affirm.[1]

Graniteville owns a textile mill. IH Services contracted with Graniteville to perform cleaning and janitorial services for the mill, including cleaning the plant during the annual plant shutdown during the week of July 4, 1989. On July 5, 1989, a fire destroyed the mill. The local fire department was unable to determine the origin or cause of the fire. On July 13, 1989, a fire investigator, hired by Graniteville, visited the fire scene. He determined the fire was caused by a short circuit. He also concluded the damage to the mill's looms was attributable to the flammable polyethylene covers used by IH Services during cleaning.[2]

Graniteville filed a complaint and served it upon IH Services by certified mail pursuant to Rule 4(d)(8), SCRCP. The complaint was delivered and accepted on July 13, 1992. In its answer, IH Services alleged the action was barred by the three-year statute of limitations. It moved for summary judgment on this ground.

The circuit court found Graniteville could not have known of the alleged breach of contract until the cause of the fire was determined. Applying the discovery

---

[1]The Clerk of Court's file indicates a motion to dismiss the appeal as interlocutory was denied by the Supreme Court. The South Carolina Supreme Court has recently held an order denying a motion for summary judgment is not appealable and does not have the effect of striking any defense since the defense may be raised again later in the proceedings. *Ballenger v. Bowen,* 443 S.E. (2d) 379 (S.C. 1994). Ordinarily, we would dismiss the appeal upon this basis. However, we will not dismiss an appeal in a case on the same ground on which the Supreme Court has previously denied a motion to dismiss. *Balloon Plantation Inc. v. Head Balloons Inc.,* 303 S.C. 152, 399 S.E. (2d) 439 (Ct. App. 1990).

[2]IH Services used the polyethylene tarpaulins to cover the looms during cleaning.

rule, the court concluded the service of the complaint was within the applicable limitations period. We agree.

Section 15-3-530(1), S.C. Code Ann. (Supp. 1993) provide a three-year statute of limitations for actions upon a contract. The discovery rule is applicable to such actions. *Santee Portland Cement Co. v. Daniel Int'l Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989).

Under the discovery rule, the statute runs from the date the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence. *Dillon County Sch. Dist. No. 2 v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 332 S.E. (2d) 555 (Ct. App. 1985), *cert. granted*, 287 S.C. 234, 337 S.E. (2d) 697 (1985), *cert. dismissed*, 288 S.C. 468, 343 S.E. (2d) 613 (1986). The exercise of reasonable diligence means "an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right . . . has been invaded or that *some claim against another party might exist.*" *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E. (2d) 333 (1981).

Graniteville knew it had experienced a loss from the fire. It was, however, unable to determine the cause without the employ of an expert. We can find nothing in the record to suggest that Graniteville should have suspected negligence on the part of IH Services prior to determining the cause of the fire. *See Garner v. Houck*, — S.C. —, 435 S.E. (2d) 847 (1993) (finding there was sufficient evidence to create a jury question as to when medical malpractice claim was discovered or should have been discovered).

It would be paradoxical to hold that a person suffering an injury is required to determine the causation of the injury without benefit of expert opinion and then require causation testimony at trial to be limited to expert opinion. When the injury requires an expert to make a determination of the cause of the injury and an expert is retained, this, in and of itself, is evidence of reasonable diligence in determining whether or not the injury is attributable to a wrong inflicted by someone else.

Accordingly, we hold Graniteville's employ of an expert eight days after the fire, to determine its cause, is evidence of

reasonable diligence that at the very least places into controversy the question of whether or not reasonable diligence was exercised. *See Santee,* 299 S.C. at 274, 384 S.E. (2d) at 696 (finding trial court erred in directing a verdict for defendant because evidence presented regarding notice of accrual of action went to reasonableness of plaintiff's actions and was an issue for the jury). Therefore, the trial court properly denied the motion for summary judgment.

Affirmed.

SHAW and CURETON, JJ., concur.