535 S.E.2d 649

**Cleveland Daniel ANDERSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25178.

Supreme Court of South Carolina.

Submitted June 21, 2000.

Decided Aug. 7, 2000.

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, of Columbia, for respondent.

WALLER, Justice:

Cleveland Daniel Anderson pled guilty to voluntary manslaughter. We granted a writ of certiorari to review the denial of his application for Post–Conviction Relief (PCR). We affirm.

## FACTS

Anderson was indicted for murder in connection with the June 11, 1992, death of 15 year old Marcus Goldston (Victim). The shooting occurred while several people were riding in Anderson's Mustang. Anderson was driving, and Frank Allen English was seated in the front passenger seat. Three people, Phillip Wells, Chandar Pickens, and Victim, were riding in the back seat. English handed Anderson a .45 caliber pistol from the glove box as Anderson drove. English encouraged Anderson to "pull the trigger." According to Anderson, he was playing with the gun when it went off, striking the Victim in the face. Anderson maintained he did not know the gun was loaded, and did not intend to shoot the Victim.[1]

The matter went to trial and the case was submitted to the jury on theories of murder and involuntary manslaughter. After the jury had been deliberating for approximately 7 hours, Anderson agreed to plead guilty to voluntary manslaughter, which was defined for him by the trial court as the intentional killing of a human being without malice. The trial court did not include the elements of sudden heat of passion and sufficient legal provocation in its definition.

Anderson filed for PCR alleging counsel had been ineffective in coercing him into pleading guilty to voluntary manslaughter. At PCR, his application was amended to include an allegation that there was no factual basis for the plea. The PCR court denied relief, finding the plea had been knowingly and voluntarily entered.

## ISSUE

Was Anderson's plea rendered involuntary by the failure to include the elements of "heat of passion" and "legal provocation" in defining voluntary manslaughter?

---

1. Victim survived the shooting and would likely have survived if he had been taken to the hospital. Anderson, however, panicked and he and the remaining passengers decided to dig a hole and bury Victim. Chandar Pickens testified Victim was still alive approximately 15 minutes before they put him into the hole, approximately 7 hours after the shooting. Anderson dug up the body and moved it the next day.

## DISCUSSION

■ Anderson contends the trial court's failure to include the elements of "heat of passion" and "legal provocation" in defining the offense of voluntary manslaughter, rendered his plea involuntary, as there was no evidence of either element, such that there was no factual basis for his plea. We disagree.

■ When determining issues relating to guilty pleas, the Court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing. *Harres v. Leeke*, 282 S.C. 131, 318 S.E.2d 360 (1984). In a PCR proceeding, the burden of proof is on the applicant to prove the allegations in his application. *Bell v. State*, 321 S.C. 238, 467 S.E.2d 926 (1996), *overruled in part on other grounds Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999). If there is any probative evidence to support the findings of the PCR judge, those findings must be upheld. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

■ The Due Process Clause requires guilty pleas be entered into voluntarily, knowingly, and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.E.2d 274 (1969). Before a court can accept a guilty plea, a defendant must be advised of the constitutional rights he or she is waiving. In addition to the requirements of *Boykin*, a defendant entering a guilty plea must be aware of the nature and **crucial elements** of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived. *State v. Hazel*, 275 S.C. 392, 271 S.E.2d 602 (1980) (emphasis supplied); *Dover v. State*, 304 S.C. 433, 405 S.E.2d 391 (1991). In *State v. Armstrong*, 263 S.C. 594, 211 S.E.2d 889 (1975), this Court held that before a guilty plea may be accepted, the court must be certain the defendant understands the charge and the consequences of the plea and that the record indicates a factual basis for the plea.

■ *Armstrong* does not mean that the state may not offer a defendant, charged with a greater offense, an opportunity to plead guilty to a lesser offense, notwithstanding the factual

basis does not precisely comport with the lesser offense.[2] We find, so long as there was a sufficient factual basis to support the crime for which the defendant was indicted, a plea to any lesser included offense is sufficient. *Accord U.S. v. Thompson,* 680 F.2d 1145 (7th Cir.1982), *cert. denied* 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982) (purpose of requiring factual basis for guilty plea is to assure court that conduct which defendant admits by his plea of guilty constitutes offense charged in indictment or lesser offense included therein).

Further, counsel conceded there was evidence from which the jury could have convicted Anderson of murder. We find the decision to accept a plea to voluntary manslaughter notwithstanding the lack of any provocation was simply a tactical maneuver to avoid the very real possibility that the jury might come back with a verdict of murder. Accordingly, we find the plea was knowingly and voluntarily entered. *Accord Renzi v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 792 F.2d 311 (2nd Cir.1986) (defendant's plea to second-degree murder was voluntary despite absence of colloquy establishing detailed factual basis for plea, where plea reflected calculated decision made on advice of counsel and based on consideration of weight and nature of evidence against defendant on first-degree murder charge).

■ Moreover, there is no claim in the present case that the trial court's failure to explain the elements of provocation and sudden heat of passion in any way impacted upon the decision to plead guilty. On the contrary, Anderson's complaint at PCR was that he believed he was pleading guilty to an unintentional act. To vitiate a guilty plea, a court's misstatement must be "material in the sense that it is part of the inducement for the defendant's decision to plead guilty." *State v. Higginbotham,* 351 N.W.2d 513, 516 (Iowa 1984). *See also Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (finding it unlikely that notice of the true nature, or substance, of a charge always requires a

---

2. This Court has recognized manslaughter as a lesser-included offense of murder. *See State v. Mitchell,* 330 S.C. 189, 498 S.E.2d 642 (1998); *State v. Gadsden,* 314 S.C. 229, 442 S.E.2d 594 (1994); *State v. Smith,* 315 S.C. 547, 446 S.E.2d 411 (1994); *Bozeman v. State,* 307 S.C. 172, 414 S.E.2d 144 (1992).

description of every element of the offense, but that intent is such a critical element of the offense of second-degree murder that notice of that element is required). Here, the trial court's failure to include the elements of "heat of passion" and "provocation" in no way induced Anderson's plea. Accordingly, Anderson may not now complain that his plea was involuntary. *See Johnson v. Catoe*, 336 S.C. 354, 520 S.E.2d 617, 619 (1999) (defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty).

The order denying Anderson's application for PCR is **AFFIRMED.**

MOORE, Acting Chief Justice, BURNETT, and PLEICONES, JJ., concur.

TOAL, C.J., not participating.