569 S.E.2d 363

**Daryl Dean SANCHEZ, Respondent/Petitioner,**

v.

**STATE of South Carolina, Petitioner/Respondent.**

No. 25521.

Supreme Court of South Carolina.

Submitted Oct. 23, 2001.

Decided Aug. 26, 2002.

---

**25.** For a discussion on protection of due process rights, *see Phillips Petroleum v. Shutts;* 42 Wm & Mary L.Rev. 1.

272

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, of Columbia, for petitioner/respondent.

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for respondent/petitioner.

MOORE, Justice:

We granted both respondent/petitioner Sanchez's and petitioner/respondent State's cross-petitions for certiorari. The post-conviction relief (PCR) judge had granted in part and denied in part Sanchez's PCR application. We affirm in part and reverse in part.

## FACTS

Respondent/petitioner Sanchez was convicted of first-degree criminal sexual conduct with a minor and sentenced to sixteen years imprisonment.

At trial, the State's first witness was the six-year-old victim. Victim testified she was visiting her grandmother on the evening of July 15, 1989, when Sanchez, a family friend, "touched her on her bottom with his dingle." Direct examination continued:

Q. All right. Did he touch you with anything else on your bottom?

A. This time I have been thinking but nope, his fingers, not dingle.

Q. Now, [victim], did you touch [Sanchez] anywhere?

A. Yes.

Q. Where did you touch him?

A. On his hiney.

Q. Why did you do that?

A. Huh?

Q. Did he tell you to touch him there?

A. Yes, that's most likely [sic] he told me.

Q. All right. What happened when you touched him there?

A. He peed in my mouth.

. . .

Q. All right. Do you know how his hiney felt?

A. Hard, hard, hard.

Thereafter, victim testified Sanchez made her touch him "on his penis again." She touched him with her hands.

Victim testified, the following morning, she told her mother Sanchez "stuck his hiney—he took his dingle over my hiney."

On direct examination, victim's mother testified victim told her "[Sanchez] stuck his finger in my hiney." Mother testified, later the same morning, victim stated "[Sanchez] peed in my mouth." Trial counsel did not object to these statements.

On direct examination, victim's father testified mother told him that victim told her "[Sanchez] had stuck his finger in her

hiney." He testified, later the same morning, victim stated Sanchez had "peed" in her mouth. Trial counsel did not object. Thereafter, father stated, in the afternoon, mother told him "[Sanchez] did the whole thing; he raped [victim.]." At this point, the trial judge interjected, "[w]e are getting into a lot of hearsay now."

On direct examination, Officer Georgia Malloy testified she showed victim four anatomically correct dolls. Malloy testified she asked victim to demonstrate what happened with Sanchez using the dolls. Victim selected the adult male doll and the child female doll. Malloy testified victim inserted the fingers of the adult male doll into the vagina of the child female doll then put the penis of the adult male doll against the vagina of the child female doll. Victim also placed the male doll's penis into the child doll's mouth. Counsel did not offer any objections to this testimony.

At the PCR hearing, trial counsel testified he did not object to mother's and father's hearsay testimony because it did not bolster the victim's testimony. Trial counsel stated he did not object to the testimony regarding the victim's demonstration with the anatomically correct dolls because the victim's statements with the dolls were vague.

The PCR judge found counsel had a valid strategic reason for not objecting to mother's and father's hearsay testimony. The PCR judge also found counsel had a valid strategic reason for not objecting to hearsay testimony concerning the victim's demonstration with the anatomically correct dolls. The judge concluded, for tactical reasons, counsel wanted the jury to hear the testimony regarding the victim's use of the dolls because it illustrated her vague statements and descriptions regarding the alleged assault.

## ISSUE

Was counsel ineffective for failing to object to hearsay testimony?

## DISCUSSION

To prove ineffective assistance of counsel, a PCR applicant must establish that (1) counsel failed to render reasonably effective assistance under prevailing professional

norms and (2) he was prejudiced by counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). To establish prejudice, the applicant must show, but for counsel's errors, there is a reasonable probability the result of the trial would have been different. *Brown v. State,* 340 S.C. 590, 533 S.E.2d 308 (2000). Where counsel articulates a valid reason for employing certain strategy, the conduct will not be deemed ineffective. *Caprood v. State,* 338 S.C. 103, 525 S.E.2d 514 (2000). If there is any probative evidence to support the findings of the PCR judge, those findings must be upheld. *Anderson v. State,* 342 S.C. 54, 535 S.E.2d 649 (2000).

■ The rule against hearsay prohibits the admission of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies. *Dawkins v. State,* 346 S.C. 151, 551 S.E.2d 260 (2001); *Jolly v. State,* 314 S.C. 17, 443 S.E.2d 566 (1994). A well-settled exception in criminal sexual conduct cases allows limited corroborative testimony. *Id.* When the victim testifies, evidence from other witnesses that the victim complained of the sexual assault is admissible in corroboration; however, such evidence is limited to the time and place of the assault and cannot include details or particulars or the identity of the perpetrator. *Id.*

■ Since mother's and father's testimony was inadmissible hearsay, counsel's failure to object to the introduction of that evidence fell below an objective standard of reasonableness. *See Strickland v. Washington, supra; Brown v. State, supra.*

■ As to the prejudice prong of *Strickland v. Washington, supra,* Sanchez was prejudiced by counsel's deficient performance because improper corroboration testimony that is merely cumulative to the victim's testimony cannot be harmless. As stated in *Jolly v. State,* 314 S.C. at 21, 443 S.E.2d at 569, "it is precisely this cumulative effect which enhances the devastating impact of improper corroboration." Mother's and father's testimony impermissibly bolstered the victim's testimony. Mother and father both testified as to the identity of the perpetrator and the details and particulars of the assault. Their testimony corroborated the victim's accusation. Conse-

quently, the PCR judge erred by not granting Sanchez relief on this ground.

■ Furthermore, counsel was ineffective for failing to object to the police officer's hearsay testimony concerning the victim's demonstration of the assault through the use of anatomically correct dolls. Counsel's reason for not objecting was that he wanted the jury to hear the testimony because it illustrated the victim's vague statements regarding the alleged assault. Because the officer's testimony regarding the dolls corroborated the victim's testimony at trial, counsel's strategy was not reasonable given the prejudicial effect this testimony had on Sanchez.

## CONCLUSION

Because Sanchez was prejudiced by counsel's deficient performance, we find he is entitled to a new trial. The State's issue is affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Lynce v. Mathis,* 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); *California Dep't of Corrections v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); *Plyler v. Moore,* 129 F.3d 728 (4th Cir.1997), *cert. denied, Moore v. Cummings,* 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); *Jernigan v. State,* 340 S.C. 256, 531 S.E.2d 507 (2000); *Plyler v. Evatt,* 313 S.C. 405, 438 S.E.2d 244 (1993).

**AFFIRMED IN PART; REVERSED IN PART.**

WALLER and PLEICONES, JJ., concur. BURNETT, J., dissenting in a separate in which TOAL, C.J., concurs.

BURNETT, Justice (dissenting):

I respectfully dissent. As noted by the majority, if there is any probative evidence which supports the findings of the PCR judge, those findings must be upheld. *Anderson v. State,* 342 S.C. 54, 535 S.E.2d 649 (2000). Because there is probative evidence which supports the PCR judge's findings in this matter, the Court is required to affirm.

First, I agree mother and father offered inadmissible hearsay testimony regarding the victim's identity of the perpetrator and the specific details of the assault. Nonetheless, counsel articulated a valid, strategic reason for not objecting to the

hearsay. Counsel's decision not to object to mother's and father's testimony because it did *not* bolster the victim's testimony was a reasonable, strategic decision. Mother and father testified the victim stated Sanchez "stuck his finger in her hiney." The victim, however, testified to various accounts of the incident, none of which specifically stated Sanchez "stuck his finger in her hiney." In my opinion, counsel offered a valid trial strategy by not objecting to mother's and father's testimony as their testimony contradicted the victim's already vague description of the assault. *Caprood v. State,* 338 S.C. 103, 525 S.E.2d 514 (2000) (where counsel articulates a valid reason for employing certain strategy, the conduct will not be deemed ineffective).

Furthermore, even if it' were deficient for counsel not to object to the hearsay testimony, Sanchez failed to establish prejudice as mother's and father's testimony arguably undermined the victim's testimony. *Cf. Dawkins v. State,* 346 S.C. 151, 551 S.E.2d 260 (2001) (improper hearsay testimony which *corroborates* victim's testimony cannot be harmless). Accordingly, the Court must affirm the PCR court. *Anderson v. State, supra.*

Second, counsel articulated a valid trial strategy by not objecting to the police officer's hearsay testimony concerning the victim's demonstration of the assault through the use of anatomically correct dolls. The police officer who was present during the victim's demonstration testified the victim placed the fingers of the adult male doll into the vagina of the child female doll. However, the victim's testimony was less than clear. Initially, the victim stated Sanchez "touched her on her bottom with his dingle." She later appeared to retract this statement, testifying Sanchez touched her with his fingers. To compound the difficulty of understanding her description of the assault, the victim used the terms "hiney," "dingle," and "penis" interchangeably. In my opinion, counsel articulated a valid trial strategy by not objecting to the officer's testimony as the hearsay testimony contradicted the victim's trial testimony. *Caprood v. State, supra* (where trial counsel articulates valid reason for employing certain trial strategy, the conduct will not be deemed ineffective).

Even if counsel should have objected to the officer's testimony, Sanchez failed to establish prejudice. The victim's

demonstration of the assault through the use of anatomically correct dolls impeached, rather than corroborated, her trial testimony. *Cf. Dawkins v. State, supra* (improper hearsay testimony which *corroborates* victim's testimony cannot be harmless). Because the findings of the PCR judge are supported by the record, the Court must affirm. *Anderson v. State, supra.*

In essence, the majority holds it is never a reasonable trial strategy for trial counsel to decline to object to inadmissible hearsay testimony in a case involving criminal sexual conduct. I disagree with this conclusion. First, the majority ignores the fundamental presumption that trial counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in a case, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that the PCR applicant has the burden of proving the allegations in his complaint. Rule 71.1(e), SCRCP. Second, there are circumstances where inadmissible hearsay testimony benefits a defense. This is one of those cases. Trial counsel proffered a valid reason not to object to the hearsay testimony. The Court should not second guess counsel's legitimate reason for not objecting to the testimony.

I would affirm.[1]

---

1. I agree with the majority's decision affirming the State's issue pursuant to Rule 220(b)(1), SCACR, and the cited authorities.