572 S.E.2d 445

**Wendell DAWSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25551.**

Supreme Court of South Carolina.

Submitted Sept. 29, 2002.

Decided Oct. 28, 2002.

Rehearing Denied Dec. 4, 2002.

Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General, John W. McIntosh, Assistant Deputy Attorney General, Donald J. Zelenka, Columbia, for respondent.

## ON WRIT OF CERTIORARI

Justice BURNETT:

We granted a writ of certiorari to review the denial of petitioner's application for post-conviction relief (PCR). We reverse.

### *ISSUE*

Did the PCR judge err by concluding trial counsel was not ineffective for failing to object to a portion of the *Allen*[1] charge?

### *FACTS*

During deliberation, the trial judge received a note from the jury requesting permission to speak with him. The jury returned to the courtroom and the foreman stated: "We have—there are eleven of us who feel one way and one that feels another way."

After inquiry by the trial judge, the foreman stated he did not know whether the jury could reach a unanimous verdict. The trial judge instructed the jury to determine whether further deliberation would be helpful and excused the jury.

When the jury returned to the courtroom, the foreman stated the jury's "status" was "the same." The judge responded, "Okay, and I understand eleven jurors—without

---

1. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

telling me who feels which way, eleven jurors feel one way and one juror feels another way." The foreman replied, "Yes, sir."

The trial judge gave the following *Allen* charge:

Mr. Foreman and ladies and gentlemen, in the trial of a case in this Court, as I've told you, you are the sole judges of the facts. As Judge of the law in this case, I'm not permitted to even give you a hint as to how I feel about what verdict you should write in this case.

It is my duty to take the law and state it to you, and it is your duty to write the verdict in the case, but I can say this, that when a matter is in dispute I realize it is not always easy for even two persons to agree.

When twelve men and women must agree, it is correspondingly more difficult. We certainly understand that, but it is important that litigation be ended if it may be ended without a juror doing violence to his or her own conscience.

Of course, at the same time no juror should be expected to give up an opinion based on reasoning satisfactory to himself or herself merely for the purpose of being in agreement.

I have sometimes thought that the juror who could render less service to the Court and to the country than any other juror is the juror who says, I know what I want to do in this case and when and if everybody agrees with me, then we'll write a verdict, and we'll not write a verdict until that time.

At the same time, of course, I charge you that every juror has the right to his or her own opinion and need not give it up merely for the purpose of being in agreement.

It was never intended that the verdict of the jury should be the view of any one person. On the other hand, the verdict of the jury is supposed to be the collective reasoning of all the men and women together.

That's why we have the jury, so that we may have that benefit of your collective thought and reasoning. It becomes your duty and it was always your duty to tell other jurors how you feel about a case, and why you think as you do, but on the other hand, it is also your duty to exchange views and the duty of the other jurors to exchange views with you, and you should listen to each other and give to the other such thought and meaning as you think it should have.

So to some degree it can be said that—and it always is the case, that jury service can be a matter of give and take.

Now, if a Defendant is entitled to a verdict, then he is entitled to a verdict now. If the State is entitled to a verdict, then the State is entitled to a verdict now.

Neither of them are entitled to a verdict at some later time. The trial of any case in this Court is an expensive proposition and it costs the taxpayers substantial amounts of money to try a case.

But a mistrial of a case is an unfortunate thing for if you do not agree on a verdict then you must understand that it does not mean that any body will win. It just means that at some future term of Court before some other Judge then some other jury is going to sit where you sit now.

The same participants will come back and the same lawyers will come back, and they will ask basically the same questions again.

I guess they will get basically the same answers, and we will go through the entire process again.

Now, I have no reason to think that any other twelve men and women are more capable of solving this controversy than you are. So, Mr. Foreman and ladies and gentlemen, I'm going to ask you to deliberate further on this matter and see if you cannot write a verdict.

With that in mind, I will ask you to return to the jury room and continue deliberations and see if you can write a verdict in this case.

(Underline added).

Trial counsel did not object to the *Allen* charge.

The jury continued deliberating and returned with a verdict convicting petitioner of both offenses.[2]

The PCR judge concluded trial counsel was not ineffective for failing to object to the *Allen* charge.

---

2. Petitioner was sentenced to consecutive terms of imprisonment totaling 35 years and fined a total of $60,000.

20

▮▮▮▮ To prove ineffective assistance of counsel, the applicant must show trial counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). A reasonable probability is one sufficient to undermine confidence in the outcome of trial. *Id.* If there is any probative evidence to support the findings of the PCR judge, those findings must be upheld. *Anderson v. State*, 342 S.C. 54, 535 S.E.2d 649 (2000). The Court will not uphold the PCR court's findings if there is no probative evidence to support them. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

▮▮▮▮ The trial judge has the duty to urge, but not coerce, a jury to reach a verdict. *Green v. State*, Op. No. 25515, 351 S.C. 184, 194, 569 S.E.2d 318, 323 (2002). An *Allen* charge cannot be directed to the minority voters on the jury panel, but must instead be even-handed, directing both the majority and the minority to consider the other's views. *Id.*

▮▮▮▮ Whether an *Allen* charge is unconstitutionally coercive must be judged "in its context and under all the circumstances." *Tucker v. Catoe*, 346 S.C. 483, 491, 552 S.E.2d 712, 716 (2001), *citing Lowenfield v. Phelps*, 484 U.S. 231, 237, 108 S.Ct. 546, 550, 98 L.Ed.2d 568, 577 (1988). The *Tucker* Court considered various factors to determine whether the given *Allen* charge was unconstitutionally coercive. One factor addressed whether the trial judge inquired into the jury's numerical division; another considered whether the charge spoke specifically to the minority jurors.

▮▮▮▮ Under the circumstances, we conclude the underlined portion of the *Allen* charge was coercive. Depending on the context, the contested language could be perceived as being directed toward the minority juror. Here, the jury initially volunteered its numerical division to the trial judge. Not only did the trial judge not instruct the jury not to state its division in the future, but he later inquired as to the jury's continued numerical division. This inquiry was improper.

*Lowenfield v. Phelps*, 484 U.S. 231, 239, 108 S.Ct. 546, 552, 98 L.Ed.2d 568, 578 *quoting Brasfield v. United States*, 272 U.S. 448, 450, 47 S.Ct. 135, 136, 71 L.Ed. 345, 346 (1926) ("the inquiry into the jury's numerical division necessitated reversal because it was generally coercive and always brought to bear 'in some degree, serious although not measurable, an improper influence on the jury'."); *State v. Middleton*, 218 S.C. 452, 63 S.E.2d 163 (1951) (improper for judge to require jury to reveal nature or extent of its division). Given the trial judge confirmed the existence of one minority juror immediately before the *Allen* charge, we conclude the underlined language was clearly directed to the "holdout" and, under these circumstances, was coercive. Accordingly, trial counsel's failure to object to the charge was unreasonable. But for counsel's failure to object, there is a reasonable probability the outcome of trial would have been different.

Because the PCR judge erred by holding counsel was not ineffective for failing to object to the *Allen* charge, we **REVERSE.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.