THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
A. Charles Burgess, Jr., Appellant,
v.
South Carolina Department of Corrections, Respondent.
 
 
 

Appeal From York County
 S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2006-UP-282
Submitted June 1, 2006  Filed June 15, 2006

AFFIRMED

 
 
 
John D. Elliott, of Columbia, for Appellant.
David L. Morrison and Andrew F. Lindemann, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Charles Burgess appeals the trial courts order granting summary judgment in favor of the South Carolina Department of Corrections (SCDC).  We affirm.[1]  
FACTS
The facts in this case are undisputed.  Burgess was incarcerated under the supervision of SCDC from February 1985 until April 1998.  While Burgess was incarcerated, he pleaded guilty to perjury charges in federal court and received a sentence to be served under the supervision of the Federal Bureau of Prisons (BOP).  As a result, the BOP lodged a retainer with SCDC requiring Burgess to be transferred to federal custody once he completed the state sentence.  
In 1981, the South Carolina General Assembly enacted legislation providing for a supervised furlough program for prisoners, excluding prisoners who had committed specified crimes.  S.C. Code Ann. § 24-13-710 (Supp. 1981).  Subsequently, the General Assembly enacted section 24-13-720 mandating that a prisoner be released on supervised furlough six months prior to the expiration of his sentence, provided he was not serving a life sentence and had no disciplinary infractions within the last six months.  S.C. Code Ann. § 24-13-720 (1989).  This section did not address whether inmates who were excluded from participation in the supervised furlough program under section 24-13-710 were also excluded from the mandatory program in section 24-13-720.  On June 14, 1993, the General Assembly amended section 24-23-720 to incorporate the eligibility requires of section 24-13-710 and make the program permissive rather then mandatory.  S.C. Code Ann. § 24-13-710 (Supp. 1993).      
In Plyler v. Evatt, the South Carolina Supreme Court construed the meaning of section 24-13-720.  313 S.C. 405, 438 S.E.2d 244 (1993).  The court held that the amendment constituted a change in the law and that individuals who met the requirements before the 1993 amendment was enacted were entitled to participate in the program, but that individuals who were not eligible for release prior to June 14, 1993 could participate in the program only if qualified under the amended statute.  Id. at 407 n.1, 438 S.E.2d 245 n.1.  The court reasoned that the amended statute could be applied to an inmate who was sentenced before its effective date because the program was not a part of his sentence.     
On October 16, 1997, the Court of Appeals for the Fourth Circuit interpreted section 24-13-720 in a habeas corpus action. Plyler v. Moore, 129 F.3d 728 (4th Cir. 1997).  The Fourth Circuit ruled that the 1993 amendment could not be applied to inmates convicted prior to 1993 because the amendment had the effect of increasing the length of their incarceration and such a retroactive application of the law violates the Ex Post Facto Clause.  Id. at 735.  The Fourth Circuit then effected a stay until the State of South Carolina could petition the Supreme Court for a writ of certiorari.  The Supreme Court denied the petition on June 22, 1998, and the stay was lifted.  Moore v. Cummings, 524 U.S. 945 (1998) denying cert. to Plyler v. Moore, 129 F.3d 728 (4th Cir. 1997).  
Meanwhile, Burgess was serving his state sentence.  Burgess asserts he was interviewed for the supervised furlough program in October, 1997 and was told he would be released to his federal retainer at that time.  Burgess did not participate in the furlough program, but was detained pending the outcome of South Carolinas petition for certiorari.  Burgess completed his state sentence and was released to federal authorities in April 1998.[2]  
After the Supreme Court denied certiorari in 1998, Burgess, who was in the midst of serving his federal sentence, claims the BOP informed him it would credit his federal sentence with six months if the SCDC would verify he would have been eligible for the furlough program but for the stay issued in the Plyler decision.  In 1999, Burgess contacted SCDC and requested a letter attesting he was eligible for the furlough program.  SCDC wrote a letter to the BOP, stating Burgess was eligible for the furlough program, but not approved for participation.  Burgess contends this letter was inadequate to convince the BOP to credit his sentence.    
Burgess was placed on supervised release by the federal authorities in June 1999.  Burgess violated the terms of his release, and the district court imposed a sentence, beginning June 7, 2001 and ending March 4, 2003.  On May 16, 2002, while he was serving his second federal sentence, Burgess again contacted SCDC and requested a letter stating he would have been released under the supervised furlough program.  When SCDC failed to send the letter he requested, Burgess filed suit in the United States District Court for the District of South Carolina, alleging SCDC violated his rights under 42 U.S.C.A § 1983.  The district court dismissed the suit, finding Burgess alleged only a state claim and did not state facts sufficient to trigger a section 1983 claim.  
Burgess then filed suit under the South Carolina Tort Claims Act alleging SCDC was negligent in failing to confirm his eligibility for the furlough program to the BOP, which caused him to serve an additional six months in the federal penitentiary.  SCDC filed a motion for summary judgment.  The trial court granted summary judgment in SCDCs favor, finding, among other things, Burgesss negligence action was barred by the two year statute of limitations.  This appeal followed.   
STANDARD OF REVIEW
When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP.  Fleming v. Rose, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002). Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Baird v. Charleston County, 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999).  In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party. Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).
LAW/ANALYSIS
Burgess argues the trial court erred in granting summary judgment in favor of SCDC.  We disagree.[3]  
Burgess brought his negligence claim under the South Carolina Tort Claims Act.  S.C. Code Ann. § 15-78-10 to 220 (2005). The Tort Claims Act is a limited waiver of governmental immunity, and sets forth a two-year statute of limitations in which negligence actions may be brought against the state.  S.C. Code Ann. § 15-78-110 (2005)  (Except as provided for in Section 15‑3‑40, any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered;  provided, that if the claimant first filed a claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered.) 
Under the discovery rule, the statutory limitations period begins to run from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence.  Cline v. J.E. Faulkner Homes, Inc., 359 S.C. 367, 370-71, 597 S.E.2d 27, 28 (Ct. App. 2004).  The statute of limitations, therefore, runs from the date the injury is discoverable by the exercise of reasonable diligence. Graniteville Co. v. IH Servs., 316 S.C. 146, 148, 447 S.E.2d 226, 228 (Ct. App. 1994).  An injured party must act promptly when the facts and circumstances of the injury
would place a reasonable person on notice that a claim against another party might exist.  Republic Contracting Corp. v. South Carolina Dept. of Highways and Public Transp., 332 S.C. 197, 207, 503 S.E.2d 761,766 (Ct. App. 1998). That an injured party may not comprehend the extent of the injuries is immaterial.  Id. at 207, 503 S.E.2d at 767.
Burgess attempts to avoid the application of the statute of limitations by asserting that he has two distinct claims against SCDC for failing to write an adequate letter to the BOP.  He contends his first cause of action accrued when he made the initial request in 1999, and SCDC failed to send a letter adequate to convince the BOP to credit his sentence.  Burgess concedes the statute of limitations bars his claim in regard to the 1999 request.  However, Burgess argues that his second request in June 2001, made when he was re-incarcerated after his federal supervised furlough was revoked, gave rise to a new claim.  
The trial court ruled the second refusal of the same request that SCDC write a letter to the BOP, constituted one cause of action for negligence and did not begin the running of the statute of limitations anew.  We agree with the trial courts reasoning.  Burgesss complaint alleges one cause of action for negligence based on SCDCs failure to write a letter to the BOP in order that his federal sentence could be credited by six months.  Therefore, the statute of limitations began to run when Burgess first requested such a letter. The statute of limitations clock did not restart each time Burgess made an additional request and SCDC failed to write the requested letter.  Because SCDC first failed to a write the letter in 1999 adequate to convince the BOP to credit Burgesss sentence, and Burgess did not serve his action on SCDC until January 2004, the two year statute of limitations bars his claim.  Accordingly, the order of the trial court is
AFFIRMED.
KITTREDGE, SHORT, and WILLIAMS, JJ., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  It is unclear from the record whether Burgess was detained pending the outcome of South Carolinas petition for certiorari or because of the detainer which required him to be transferred to BOP custody to be begin serving his federal sentence; however, Burgess asserts SCDC informed him he would be released to his federal retainer when he was interviewed in October 1997.
[3]  Because we affirm on this issue, we decline to address Burgesss remaining arguments.  Rule 220(c), SCACR; see also Whiteside v. Cherokee County School Dist. No. One, 311 S.C. 335, 341, 428 S.E.2d 886, 889 (1993) (holding an appellate court need not address remaining issues when the resolution of a prior issue is dispositive).