THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Antonio D.
 Bordeaux, Respondent,
 
 
 

v.

 
 
 
 State of South
 Carolina, Petitioner.
 
 
 

Appeal From Beaufort County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2012-UP-284
Heard March 29, 2012 - Filed May 9, 2012 

REVERSED AND REMANDED

 
 
 
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley
 W. Elliott, Assistant Attorney General Matthew J. Friedman, and Assistant Attorney
 General J. Rutledge Johnson, all of Columbia, for Petitioner.
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Respondent.
 
 
 

PER CURIAM: In this post-conviction relief (PCR) action, the State
 appeals the PCR court's granting of a new trial to Respondent Antonio Bordeaux
 on two first-degree burglary charges. The State argues Bordeaux pled guilty to
 these charges, and, therefore, it challenges the PCR court's conclusion that
 Bordeaux's sentences were illegal because they exceeded the maximum penalty for
 second-degree burglary. We reverse and remand.
"'[A]ny
 evidence' of probative value is sufficient to
 uphold the PCR judge's findings." Cherry
 v. State, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989) (citation omitted). However, reversal is appropriate when the
 PCR court's decision is controlled by an error of law. Suber v. State,
 371 S.C. 554, 558-59, 640 S.E.2d 884, 886 (2007).
In the present case, Bordeaux was indicted for two
 counts of first-degree burglary. He was also indicted for two counts of armed
 robbery and one count of murder. The plea transcript indicates that the State had agreed to a dismissal of the murder
 charge and a cap of twenty-five years of imprisonment in exchange for Bordeaux's plea of guilty to two counts of first-degree
 burglary and two counts of armed robbery. The sentencing sheets indicate that
 the plea court sentenced Bordeaux to twenty-four years for each count of armed
 robbery and twenty-five years for each count of first-degree burglary, with all
 sentences to run concurrently. 
However, each sentencing sheet for the respective burglary
 offenses contained internally inconsistent information as to whether Bordeaux had
 pled guilty to first-degree burglary or second-degree burglary. Bordeaux
 alleged in his PCR application that his sentence for twenty-five years was
 illegal because he pled guilty to second-degree burglary and the twenty-five-year
 sentence exceeds the maximum sentence for second-degree burglary. Bordeaux
 also claimed that plea counsel was ineffective for failing to object to the
 sentence.
At the PCR hearing, plea counsel testified that he did
 not object to the sentences imposed because they were "within the
 negotiation." He explained: "We had negotiated for a cap of twenty-five
 years . . . ." Further, the PCR court specifically found that plea counsel
 was not ineffective for failing to object to Bordeaux's sentence because
 Bordeaux pled guilty to first-degree burglary. However, the PCR court also concluded
 that the twenty-five-year sentence was illegal because it exceeded the maximum
 sentence for second-degree burglary. In reaching this conclusion, the PCR
 court ruled that the sentencing sheets took precedence over the plea transcript because "a sentencing
 sheet is essentially a contract between the applicant, the applicant's trial
 counsel, and the court." 
We are unable to reconcile the PCR court's
 finding that Bordeaux pled guilty to first-degree
 burglary with its subsequent
 conclusion that the twenty-five-year sentence
 was illegal because it exceeded the maximum sentence for second-degree
 burglary. The PCR court based its conclusion that plea counsel was not
 ineffective for failing to object to Bordeaux's sentence on the finding that
 Bordeaux pled guilty to first-degree burglary. If Bordeaux pled guilty to first-degree
 burglary, then his sentence was not illegal. On the other hand, if Bordeaux
 pled guilty to second-degree burglary, as the PCR court implied when it
 concluded the sentence was illegal, then plea counsel would have been
 ineffective for failing to object to an illegal sentence. Therefore, it is
 necessary to remand this case to the PCR court for clarification as to the
 offenses to which Bordeaux pled guilty. 
Further, in the absence of any challenge to the integrity of the plea
 transcript, the PCR court committed an error of law in ruling that the
 sentencing sheets took precedence over the plea transcript because "a
 sentencing sheet is essentially a contract between the applicant, the
 applicant's trial counsel, and the court." See Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 650 (2000) ("When determining issues relating to guilty pleas, the Court
 will consider the entire record, including the transcript of the guilty
 plea, and the evidence presented at the PCR hearing." (emphasis added)). Given the sanctity
 with which statements given under oath are regarded,[1] we decline to lend credence to any
 position that would favor ambiguous sentencing sheets over an unambiguous plea
 transcript whose integrity has not been called into question. Therefore, on
 remand, the PCR court must give appropriate weight to the plea transcript in
 determining the offenses to which Bordeaux pled guilty. 
REVERSED
 AND REMANDED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that solemn declarations in open court "carry a strong
 presumption of verity"); see also State v. Thrift, 312 S.C. 282, 295, 440 S.E.2d 341, 348 (1994) ("[A]ll plea
 agreements must be on the record and must recite the scope, offenses, and
 individuals involved in the agreement."); cf.Edmonds v. Lewis, 546 F.2d 566, 567-68 (4th Cir. 1976) ("[T]he accuracy and
 truth of a prisoner's denial of any threats inducing his plea of guilty, given
 during an examination on the record at his sentencing . . . will be considered conclusively
 established by that proceeding . . . unless he offers (by the allegations of
 his petition) a valid reason why he should be permitted to depart from the
 apparent truth of his earlier statement." (citations and quotation
 marks omitted)).